HOCTOR-JOHNSTON COMPANY, APPELLANT, .V. A. S. BILLINGS ET AL., APPELLEES.

FILED JUNE 18, 1902. No. 11,981.

1. **Specific Performance: DECREE: TRIAL COURT: DISCRETIONARY POWER: EQUITABLE RULES AND PRINCIPLES.** Whether a decree for the specific performance of an agreement for the sale of real estate will be granted, rests in the discretionary powers of the trial court sitting as a court of chancery. Such discretion, however, is not unlimited, and a decree is not to be given or withheld arbitrarily and capriciously, but it is a judicial discretion, to be controlled and governed by equitable rules and principles.

2. **Agreement to Sell Real Estate: UNDIVIDED INTEREST.** Where an agreement to sell real estate is entered into by vendors as owners of a part interest therein, tentatively, or on condition that the owner of the remaining interest in the property will also convey his interest for the price agreed upon, which he fails to do through no fault or neglect of those entering into such an agreement, it is not an abuse of discretion for the trial court to refuse to decree specific performance of the agreement as to the undivided interest in the real estate involved, held by the parties making such agreement.

3. **Specific Performance: AGREEMENT BINDING ON BOTH PARTIES: DECREE.** Specific performance of a contract for the sale of real estate will not be decreed where the agreement is not binding on both parties and the mutuality of obligation is not such that it may be enforced by either.

4. ———: ———. Under the pleadings and the evidence in the case at bar, *held*, the district court properly refused to decree specific performance of the agreement on which the suit is founded as to an undivided two-thirds interest in the real estate involved in the controversy, belonging to the defendants.

APPEAL from the district court for Douglas county. Heard below before DICKINSON, J.  *Affirmed.*

*Frank T. Ransom,* for appellant.

*John P. Breen, contra.*

HOLCOMB, J.

This is an action begun for the purpose of compelling specific performance of an agreement for the sale of certain real estate. After a trial in the district court, findings and decree were entered in favor of the defendants and the cause dismissed. The plaintiff appeals.

The petition, after certain formal statements not necessary to refer to in detail, and after describing the property involved in the controversy, alleged, in substance: That the defendants were the owners of a two-thirds interest in the property, and that at the time of making the agreement represented that they would convey or cause to be conveyed the other one-third interest, which belonged to and was in the name of one Luther T. Fox; the agreement being as follows:

"$100.                OMAHA, NEBR., Nov. 29, 1898.

"Recd. from the Hoctor-Johnston Co. the sum of one hundred dollars, part payment of Lots 9 and 10, Blk. 4, the purchase price being ($3,000) three thousand dollars terms cash. No commission to be charged except upon agreement.                "A. S. BILLINGS,
                "Per MRS. A. S. BILLINGS.
                "A. S. BILLINGS, JR."

It was further alleged that the plaintiff, on the date of the contract, paid the $100 mentioned, and on the 1st day of December following tendered the remainder of the agreed purchase price, namely, $2,900, and demanded a

conveyance of the property, which was refused; that the defendants made no effort to secure a conveyance from Fox of the one-third interest held and owned by him, intending thereby to avoid their contract, and that the action so taken was for the sole purpose of depriving the plaintiff of the benefit of such agreement; that inasmuch as plaintiff is without a remedy to compel the conveyance of the whole of said lots, and the defendants are the owners of only a two-thirds interest therein, it was their duty to convey such two-thirds interest for a proportionate share of the purchase price, less a fair abatement thereof on account of the failure and refusal of defendants to cause the remaining one-third interest to be conveyed, as by their agreement they were obligated to do. The prayer was for relief in conformity with the allegations of the petition just referred to. The answer, among other things, denied that the instrument sued on was ever delivered or intended to be delivered to the plaintiff as and for an undertaking to convey to the plaintiff or to anybody else the property therein described. It is alleged, in substance, that at the time of the signing of the receipt, and as plaintiff well knew, an undivided one-third interest in such property belonged to the said Luther T. Fox, and that the defendants did not have any right or power over or concerning the interest of Fox in such lots, and denied that they ever represented that they could or would convey or cause to be conveyed to the plaintiff the interest of said Fox in said lots; that the instrument sued on was signed, on behalf of the defendant A. S. Billings, by his wife, but without authority therefor. It is alleged also that, at the time of signing said instrument, it was understood by and between the plaintiff and the defendant, Abbie A. Billings, that the instrument was signed and delivered by her as a tentative or conditional undertaking, and was not to be effective unless the interest of the said Fox could also be secured and conveyed with the two-thirds interest of the defendants, and that they had not been able to induce the said Fox or the representative of his estate to unite with

them in the sale of such property, although they had endeavored so to do; that the check given in part payment had been tendered back on the following day, and the same was brought into court to be delivered to the plaintiff. There is also a denial that the instrument sued on is sufficient to relieve the alleged contract from the operation of the statute of frauds. The reply was a general denial.

The material facts under the issues thus presented are in brief as follows: The plaintiff was engaged in the real estate business. The two-thirds interest in the property belonging to the defendants, was in the name of A. S. Billings, Jr., a son of the other two defendants, although it appears the property was regarded as being owned by all three in common. The one-third interest belonged to a non-resident by the name of Fox, who prior to the trial had died. Just before the transaction constituting the basis of the present action a member of the plaintiff company had approached the defendant A. S. Billings, Sr., with a view of ascertaining what the property could be purchased for, representing that he had a prospective buyer. The one-third interest in the property belonging to Fox was known to the plaintiff, but it was believed by the defendants and so represented that Fox would in all probability convey such interest for a proportionate share of the purchase price, which was fixed at $3,000. Soon afterwards the instrument set out in the petition was presented to the wife of the defendant A. S. Billings, Sr., with the statement that the property had been sold. After some conversation between Mrs. Billings and the party calling for the purpose of obtaining her signature to the receipt, and after inserting therein that no commission was to be charged except on agreement, she signed her husband's name thereto, making mention of the Fox interest and of the fact that the property could not be conveyed until he should unite in conveying his interest also. The receipt was then presented to the son, in whose name the legal title to the two-thirds interest rested, who also signed it.

On the same or the following day Mrs. Billings returned the check given in payment of the $100 mentioned in the receipt, with the information that until a conveyance of the Fox interest could be obtained they could not enter into an agreement to sell the property. The transaction resulting in the signing of the receipt by Mrs. Billings for herself and husband and by the son, the payment of the $100 check, and its return soon thereafter, was all done in absence of the defendant A. S. Billings. Immediately after the offer to return the check by which the $100 was paid, the plaintiff tendered the remainder of the $3,000, mentioned as the purchase price, with a demand for a deed of conveyance of the property described in the receipt; which, not being complied with, the present action was begun.

Under the record as thus presented and evidence of the character alluded to, can it be said that the action of the trial court in dismissing the cause is so contrary to the principles of equity which should govern suits of this character as to call for the vacation of the judgment of the district court and the direction of a decree in favor of the plaintiff as prayed for in its petition? The district court exercising the powers of a court of chancery is, regarding such matters, invested with discretionary powers, and unless its conclusions are manifestly wrong and inconsistent with equitable rules and principles when applied to established facts similar to those disclosed by the record in the present case, such conclusions can not be said to be so clearly erroneous as to call for a reversal of the findings and decree entered on the trial of the case. This discretion, of course, is not an unlimited discretion, to be exercised without regard to those rules and principles of equity by which the rights of parties are to be determined, and a decree is not to be given or withheld arbitrarily and capriciously at the mere will of the judge who may be presiding in the cause; but it is a judicial discretion, to be controlled and governed by the principles and rules of equity. Pomeroy, Specific Performance [2d ed.], sec. 36, and authorities cited.

The plaintiff is not seeking the enforcement of the agreement sued on in the specific terms of that instrument. It is conceded, apparently, that the defendants are not in a position to comply with the letter of the agreement and convey the entire property as therein described. It is asked only that they be required to convey the two-thirds interest owned by them, and that because of their failure to convey the other one-third interest the plaintiff be compensated by having the court abate from the proportionate share of the purchase price due them such sum as may be found just and equitable. This claim is based on the alleged failure of the defendants to comply with the alleged agreement by which they were to secure a conveyance of the one-third interest held by Fox. It is alleged that they not only refused and neglected to obtain this one-third interest, but also that, by reason of their own failure to discharge an obligation resting on them in that regard, they have sought to justify themselves and evade an obligation assumed by them to convey their own interests in the property. We do not think the evidence justifies the claim of the plaintiff in regard to the matter spoken of. The evidence warrants the conclusion which the trial court properly reached, that the agreement to sell was tentative only, and made dependent on the question of whether or not the absent owner of the one-third interest was willing to and would unite with the defendants and convey the whole of the property described for the sum mentioned. It seems reasonably clear, from reading the testimony of the witnesses in the case, that the plaintiffs fully understood the condition of the title to the property, and that the consent and co-operation of Fox was essential before a sale of the property could be effectuated. It was understood by all the parties that whatever was in fact done and accomplished in the way of making a sale, was conditioned upon Fox joining in a conveyance, and that the defendants did not undertake to enter into an agreement to sell, or to consummate a sale of the land except on the condition that Fox would join in the convey-

ance, and that they did not assume to speak with authority
or with a view of binding themselves as to his interest in
the property. The negotiations for a sale of the property
and the price therefor as first agreed upon, and the con-
templated sale, were with the defendant A. S. Billings,
were in nowise reduced to writing and were not in them-
selves sufficient to base an action on. The receipt or
instrument copied in the petition was obtained subse-
quently, in pursuance of and with the view of consummat-
ing a sale in accordance with the prior verbal conversa-
tion. Soon after the execution of the instrument sued
on, the check given at the time as and for a payment of
$100 on the purchase price was returned because of a de-
sire not to contract for the sale of the entire property
until a conveyance could be secured from the absent owner
of the one-third interest. This appears to have been but
a wise precaution to prevent unnecessary trouble and prob-
able litigation, in view of the inability of the defendants
at the time to make any agreement which would or could
bind the owner of the one-third interest; and of all of
which the plaintiff was fully cognizant. The plaintiff
immediately after the offer to return the check tendered
the remainder of the purchase price agreed upon and de-
manded a conveyance of the entire property. This it knew
under the circumstances was an impossibility, and that it
had no legal or equitable right to even insist on such con-
veyance. It knew that in any event a sale could not be
consummated according to the agreement until the con-
sent and co-operation of Fox could be obtained, disposing
of his one-third interest concurrently with the defendants
as to their remaining interest. It can not be said from
the evidence that the defendants failed or neglected to
discharge every duty resting on them under the agreement
looking to the securing of a conveyance from their co-
owner of the property. If they acted inequitably in that
regard or in bad faith or in fraud of the rights of the plain-
tiff, the same is not disclosed by the evidence in the case.
From all that appears they have acted in perfect good

faith, and the failure to secure the conveyance from Fox
of his interest in the property, or from his estate after his
decease, was through no fault of their own, and for which
in justice and equity they ought not to be held responsible.
The agreement being tentative or conditional, and the con-
tingency provided for not having occurred, we do not think
the court erred or abused its discretion in refusing to
decree specific performance of the two-thirds interest in
the property belonging to the defendants. *Venator v.
Swenson,* 100 Ia., 295; *Glidden v. Korter,* 90 Me., 269.

Whether, under the contract, the plaintiff may have a
legal cause of action because defendants have refused to
convey all or any part of the property we need not deter-
mine in this action. That question can only be determined
in a suitable civil action prosecuted in the proper forum.
The plaintiff is not seeking to enforce the contract
specifically as an entirety. It is sought to divide the
action and enforce a part of the contract specifically, and
to recoup the plaintiff for any damage it has sustained
because of the defendants' alleged neglect and failure to
execute the remainder. The defendants' liability to re-
spond in damages for a failure to convey the one-third
interest owned by Fox is, we think, altogether without
support from the evidence introduced on the trial of the
cause. There can be no liability in this regard because
there was no obligation to convey Fox's interest except
as conditioned on his voluntarily uniting in such convey-
ance. There being no fraud, wrong doing or failure on
the part of the defendants, as disclosed by the evidence, to
discharge every obligation assumed by them with respect
to a conveyance from Fox of his interest, that part of
plaintiff's cause of action wherein it seeks to recover in
damages from defendants for an alleged failure to convey
or cause to be conveyed Fox's interest in the land, must
utterly fail. We are, then, so far as the present action is
concerned, in determining the equitable rights and obliga-
tions of the respective parties with reference to the two-
thirds interest in the property owned by the defendants

which the plaintiff is asking that they be compelled to convey, notwithstanding a conveyance of the whole of the property can not be rightfully asked, in the attitude of enforcing specific performance by the defendants of a part of the contract which in no view of the case could be specifically enforced against the plaintiffs. It is manifest that in this aspect of the case there is lacking that element of mutuality essential to all contracts where the right to specific performance of an agreement is in controversy. It is obvious that the defendants could not enforce specific performance as against plaintiff as to the two-thirds interest owned by them; it is also clear, as we have seen, that they can not rightly be said to be at fault or held responsible for a non-compliance with any agreement made by them as to a conveyance of the one-third interest held by Fox. If they were at fault or in the wrong regarding that matter, then it very probably would follow that they would be estopped from pleading their own wrong as a defense on the ground of want of mutuality. It is a rule of general application in equity jurisprudence, with reference to specific performance of contract, that the agreement must be binding on both parties and the mutuality of obligation be such as that it may be enforced by either. 3 Pomeroy, Equity Jurisprudence, sec. 1405; *Welty v. Jacobs*, 40 L. R. A. [Ill.], 98, and authorities cited.

The decree of the district court appears to us to be in harmony with the pleadings and the evidence and to conform to the rules and principles of equity as applied to the question of the specific performance of contracts, and for the reasons given, should remain undisturbed. The decree appealed from is accordingly

AFFIRMED.