JOHN P. McCULLOUGH, APPELLEE, v. ST. EDWARD ELECTRIC
COMPANY, APPELLANT.

FILED NOVEMBER 17, 1917. No. 19706.

1. Husband and Wife: ACTION FOR DAMAGES: PARTIES. The interest
of a wife in the real estate of her husband, other than the home-
stead, under section 1265, Rev. St. 1913, is not such as to require
that she be made a party in an action by the husband against a
corporation with the right of eminent domain to recover dam-
ages for the taking of the land or for injury thereto in the con-
struction of a public improvement.

2. ———: ———: ———. In such case the husband in his own
right can recover the damages caused to the land by such taking.

APPEAL from the district court for Boone county: FRED-
ERICK W. BUTTON, JUDGE. Affirmed.

Albert & Wagner and F. D. Williams, for appellant.

H. C. Vail, J. A. Price and A. E. Garten, contra.

SEDGWICK, J.

The defendant, St. Edward Electric Company, construct-
ed a dam across a stream of water called Beaver river in
Boone county, and the plaintiff brought this action in the
district court for that county alleging that the construction
of the dam caused the waters of the river to overflow his
land and damage the same. The defendant denied that the
plaintiff's land was damaged by the construction of the
dam, and contends that the plaintiff's wife was a necessary
party to the suit. This latter contention was overruled by
the court and a trial was had resulting in a judgment for
the plaintiff, from which the defendant has appealed.

The principal question discussed in the briefs is whether
the wife under our statute has such an interest in the land
as to make her a necessary party to the suit. It is sug-
gested in the defendant's brief that the land in question
was the homestead of the parties; but this is not discussed,
and it would appear from the record that the case must be
determined upon the theory that the land is not a home-

McCullough v. St. Edward Electric Co.

stead. Our statute of descent provides: "When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seised of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed by the husband and wife while residents of this state, or by the deceased while the husband or wife was a non-resident of this state, which has not been sold under execution or judicial sale, and which has not been lawfully devised, shall descend subject to his or her debts and the rights of homestead;" one-fourth, one-third, or one-half to the surviving husband or wife, depending upon the number and parentage of the children. Rev. St. 1913, sec. 1265.

In condemnation proceedings the owners of property must be paid or secured before the property can be taken. "All parties having an interest in the land are 'owners' within the meaning of the statute." *State v. Missouri P. R. Co.,* 75 Neb. 4. That case and the cases cited and quoted from in the opinion were all considering a fixed legal interest, as a lien of a mortgage or for taxes. The question in the case at bar is whether the wife has such an interest in the real estate of the husband, other than the homestead, as to make her a necessary party to such proceedings. This right of the wife is a peculiar one under the statute. She takes by descent, but is not technically an heir in the sense that a conveyance by her husband would defeat her right. She takes the property of her husband whenever the conditions are such that an heir would take, and the husband cannot defeat her claim by his voluntary conveyance. The right is substituted for the right of dower and is in many respects analogous to that right. An owner whose real estate is taken by a corporation having the right of eminent domain can without condemnation proceedings maintain an action against such corporation for the value of the land so taken. So far as such action is for damages for land taken or injured by the proper construction of a public improvement, the right of action accrues when the land is taken, and such action can only be maintained within the

statute of limitations. Under the statute of descent the wife's right in the real estate of the husband is contingent upon her surviving him. She has no interest in such real estate that she can dispose of by will or that her heirs will inherit unless she survives her husband. If we should hold that by the taking of the land her interest in the real estate would be damaged so as to give her a right of action, that interest might afterwards be entirely annulled by her decease before that of her husband, and, if she delays action until her right becomes fixed by her husband's decease, the statute of limitations may have intervened. In 10 R. C. L. 215, it is said: "The right to compensation is a per-sonal one and does not run with the land, and if the owner dies after the taking but before receiving compensation, the right to the money passes to his personal representatives and not to his heirs or the devisees of the land; but if the land is taken during the owner's lifetime the personal representatives are entitled to the condemnation money."

In *Haggerty v. Wagner,* 148 Ind. 625, the supreme court of that state said: "Where real estate is appropriated upon compensation in the exercise of the power of eminent domain, or in case of the dedication of lands of the husband to public use in making highways, canals, railroads, streets and the like, the inchoate right of dower, or its substitute, the inchoate right of the wife to one-third in fee simple in her husband's lands, is extinguished without her joining in any deed therefor, or being made a party thereto in any manner or form."

In our state the question is new, and not without difficulty. We conclude that while the husband is living the interest of the wife in his real estate, other than the homestead, is not such as requires that she be made a party to an action of this kind, and that the plaintiff herein can recover the entire damage to the land by the taking complained of.

AFFIRMED.