Moore v. Markel.

---

JOHN H. MOORE, EXECUTOR, APPELLEE, V. JOHN H. MARKEL, APPELLANT: EMILY J. MOORE, INTERVENER, APPELLEE. JOHN H. MARKEL, APPELLANT, V. ESTATE OF ROBERT E. MOORE, APPELLEE.

FILED DECEMBER 4, 1924.   No. 24202.

1. Contracts: MODIFICATION. A contract containing mutual obligations of the parties thereto by mutual consent may be changed or modified in one or more of its details at any time after its execution, and before a breach has occurred, by a new agreement without any new, independent or distinct consideration.

2. ———: TIME OF PERFORMANCE. Where time and punctuality of performance are essential elements of a contract, and by valid,

mutual agreement of the parties, there is a specific extension of time for performance, the new time becomes of the essence of the contract and has the same effect as though the contract had been originally written as modified.

3. **Descent:** Contingent Interest of Wife: Extinguishment. The contingent interest of a wife, residing in this state, in the real estate of her husband is not extinguished or barred by his deed alone, nor is it affected by a written contract, executed by him alone, and she takes the same interest in his real estate after his death as she would have taken had he not executed such deed or contract.

4. ———: ———. The interest which a widow takes in the real estate of her husband on his death is more than that of an heir at law.

5. **Conversion:** Realty of Decedent. When a married man contracts to convey real estate and dies before the contract has been performed, it is only the interest that his deed alone would have conveyed which equity will treat as personalty in the hands of his personal representative.

6. **Vendor and Purchaser:** Contract: Termination. Where time for the performance of a contract to convey land is expressly made an essential element of the contract, if the vendor is not able to perform on the day fixed, the purchaser may treat the contract as at an end.

7. **Specific Performance:** Enforcement. Specific performance of a contract to convey real estate will not be enforced, at the instance of the vendor, for a partial interest, where the contract is for the entire interest.

8. ———: Mutuality. If one party to a contract cannot enforce substantial performance, a court of equity will not decree specific performance at the instance of the other party. The right to specific performance must be mutual and reciprocal.

APPEAL from the district court for Lancaster county: JEFFERSON H. BROADY, JUDGE. *Reversed, with directions.*

*Stewart, Perry & Stewart,* for appellant.

*Jacob Fawcett, Samuel J. Tuttle* and *C. C. Flansburg, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD and THOMPSON, JJ.

GOOD, J.

John H. Moore, as executor of the will of Robert E. Moore, brought in the district court an action against John H. Markel, to obtain authority to execute a warranty deed for two lots in the city of Lincoln, Nebraska, which in his lifetime his testator had contracted in writing to convey to Markel, and to enforce specific performance of the contract. With this action was consolidated another action, then pending in the district court on appeal from the county court, in which Markel was seeking allowance of a claim against the estate of Robert E. Moore for the advancements he had made on the same contract, basing his right to recover on the theory that he had rescinded the contract because of inability of the executor to perform the contract according to its terms. Emily J. Moore, widow of Robert E. Moore, intervened and joined in the prayer of the executor's petition, and offered to join in executing a deed conveying the lots to Markel. For convenience, John H. Moore, executor, will be referred to as plaintiff and Markel as defendant. The trial of the consolidated actions resulted in the disallowance of defendant's claim and authorizing plaintiff to execute a warranty deed conveying the lots, and decreeing specific performance of the contract. Defendant appeals.

This action comes here as a case stated under rule 14 of this court (94 Neb. XIII). The facts are not in dispute, and, so far as pertinent to the issues to be determined, may be summarized as follows:

On March 16, 1920, Robert E. Moore, without his wife joining, entered into a written contract with defendant, wherein he agreed to convey to the latter two lots in the city of Lincoln, Nebraska, for a consideration of $60,000, of which $10,000 was then paid and the remainder was to be paid on or before January 1, 1922, and was to bear interest at 6 per cent. per annum, payable semi-annually. Robert E. Moore was to furnish abstract, showing merchantable title of record, and to deliver his warranty deed to vendee when the remainder of the purchase price and

interest had been paid. Defendant was given the privilege of paying $1,000, or any multiple thereof, on any interest pay day, and the further right, upon the payment of $3,000 additional of the purchase price, to remove from the lots the buildings thereon. Time and punctuality of performance of the agreement were made an essential element of the contract. Abstract of title was furnished and title approved by defendant, who paid an additional $3,000 of the purchase price, took possession of the lots, and removed the buildings that were thereon when the contract was executed. The instalments of interest that became due September 16, 1920, March 16 and September 16, 1921, were paid when due.

In July, 1921, defendant, in writing, requested Moore to agree to an extension of time for making the deferred payments. Several letters were exchanged between the parties. Correspondence finally resulted in Moore writing a letter to defendant on July 19, 1921, in which he said, in substance, that if defendant would pay $5,000 on the principal, plus interest and taxes, he would give him one year's time at 6 per cent. on the remainder due, and if, at the end of a year's time, $5,000 additional on the principal and the interest and taxes were paid, he would give an additional year's time on the balance of the principal at 6 per cent. interest. On July 23, 1921, defendant, in writing, accepted Moore's offer. On November 16, 1921, defendant, in writing, requested Moore to extend to June 1, 1922, the time for payment of the $5,000 of principal which would have been due January 1, 1922, pursuant to their former correspondence. On the following day Moore wrote a letter to defendant in which he said: " Replying to yours of the 16th would say, I think I will be needing the money about January first, next, very much and would be very glad to have it at that time, but if you cannot possibly raise it, I will give you until June 1, 1922."

It is stipulated that taxes on the real estate described in said contract were paid by defendant as follows: November 19, 1920, city treasurer, Lincoln, Nebraska, $178.34,

for 1920 taxes; March 14, 1921, city treasurer, Lincoln, Nebraska, $57.93, for paving taxes; March 29, 1921, county treasurer, Lincoln, Nebraska, $595.08, for 1920 county taxes. For aught that appears in the record, this is all of the taxes that have been levied upon the lots in question.

On December 6, 1921, Robert E. Moore died testate, without issue, and leaving him surviving his widow, Emily J. Moore. On January 31, 1922, the will of Robert E. Moore was admitted to probate and plaintiff was appointed executor. Emily J. Moore later renounced the provisions made for her in the will of her husband and elected to take under the statute. On March 16, 1922, defendant went to plaintiff and stated that he wanted to pay the balance due on the contract for the purchase of the lots described in the contract and was then able to pay the same, and asked plaintiff if he had the deed to said property executed by Robert E. Moore and was ready to deliver said deed according to the contract. Plaintiff then stated that he had no deed executed by Robert E. Moore, but that he would apply to the court for authority to make a deed. On the same day defendant learned for the first time that Robert E. Moore was married at the time he executed the contract, and that his widow, Emily J. Moore, survived him. He was then advised by his attorneys that Emily J. Moore was the owner of an undivided one-half interest in said lots. Afterwards and on the same day defendant delivered to plaintiff the following writing:

" John H. Moore, Executor of the Estate of R. E. Moore, Deceased.

" Dear Sir: On March 16, 1920, I entered into a contract with R. E. Moore for the purchase of (here follows description of lots). On account of existing conditions I hereby elect to rescind such contract. You are further notified that I hereby surrender possession of lots to you and demand the repayment of all money paid by me on said contract. Yours truly,

" (Signed)      J. H. Markel."

On April 28, 1922, plaintiff instituted his action to obtain authority to execute a deed of conveyance and to enforce specific performance of the contract.

The decree is assailed on many grounds. We shall consider only such as seem necessary to a proper determination of this appeal. By express provision "time and punctuality in performance of agreements contained herein" were made an essential element of the contract. While the contract was executory, in part at least, the terms were modified by mutual agreement of the parties as to the time of making the deferred payments. Plaintiff argues that the agreement to extend time is invalid for want of consideration.

The rule of law applicable is that a contract, containing mutual obligations of the parties, may, at any time after it has been made and before a breach has occurred, be changed or modified in one or more of its details by a new agreement, by mutual consent of the parties, without any new, independent, or distinct consideration. *Bowman v. Wright,* 65 Neb. 661; *Easton v. Snyder-Trimble Co.,* 94 Neb. 18; *Teal v. Bilby,* 123 U. S. 572; *Kiler v. Wohletz,* 79 Kan. 716, L. R. A. 1915B, 11, and note (b) appearing on page 17. It is not even suggested that there had been any breach of the terms of the contract at the time of the extension agreement. It follows that the time in which defendant should make his deferred payments was modified by subsequent agreement of the parties, as above indicated.

The modification of the contract did not alter or change the provision making time and punctuality of performance an essential element of the contract, and that provision continued to be a part thereof and applied to the contract as modified. Where, by valid agreement, there is a specific extension of time for performance, the new time becomes of the essence of the contract, just the same as though the contract had been originally written as modified. 13 C. J. 690, sec. 785.

March 16, 1922, was an interest pay day on which defendant, by the terms of the contract, was privileged to

pay $1,000 of the principal, or any multiple tnereof.   Under this provision he could pay all of the remainder of the consideration and thereby be then entitled to a deed to the lots.   On that day defendant, not being himself in default, informed plaintiff that he was able and desired to pay the remainder due on the purchase price, and asked for a warranty deed executed by Robert E. Moore.   Plaintiff did not and could not then deliver either a deed executed by Robert E. Moore or one executed by himself as executor; nor did he then have authority, as executor, to execute a deed conveying the interest of Robert E. Moore to defendant.   Moreover, the interest of the wife of Moore, contingent on her surviving her husband, could not be affected by the contract, because she was not a party to the contract.   When Moore died his widow elected to renounce the provisions of his will for her benefit and to take under the statute, as she had a perfect right to do.   She thereby became vested with title to an undivided half-interest in the lots.

Plaintiff invokes the equitable rule that, where a valid contract to convey real estate has been entered into and the vendor dies before performance, equity will treat the contract as personal property, so that the executor is entitled to the money as personal property, and contends that in this case the widow must look to the money in the hands of the executor for any contingent interest she may have had in the real estate.   This contention overlooks the fact that Mrs. Moore was not a party to the contract.   The interest which a widow takes in the real estate of her husband on his death is more than that of an heir.   *In re Estate of Grobe,* 101 Neb. 786.  The prospective interest of an heir at law in the real estate of his ancestor may be barred by the deed or contract of the ancestor.   In this state the deed of the husband alone will not bar the contingent interest of his wife in the real estate of which he is seised during coverture, unless she is a nonresident of the state.   It follows that his contract alone could not affect her contingent interest.   When a married man contracts

to convey real estate and dies before the contract has been performed, it is only the interest that his deed alone would have conveyed which equity will treat as personalty.

We then have this situation: On March 16, 1922, plaintiff was unable to perform the contract. A warranty deed conveying merchantable title was due to defendant on that day. Plaintiff could not furnish it then or ever, unless a third party, who was not bound by the contract, would join in a deed. That third party could not be compelled to join. It was a matter of choice with her. Defendant could not have enforced specific performance of the contract except as to an undivided half interest in the lots. It is a well-settled rule that, where time for the performance of a contract to convey land is expressly made an essential element of the contract, if the vendor is not able to perform on the day fixed, the purchaser may treat the contract as ended. *Shonsey v. Clayton*, 107 Neb. 695; *Johnson v. Herbst*, 140 Minn. 147; *Soldate v. McNamara*, 94 Conn. 589. In *Miller v. Ruzicka*, 111 Neb. 815, it is held: " Ordinarily, a vendor in a contract for the conveyance of lands must either substantially perform or tender substantial performance of the contract before he is entitled to maintain an action for specific performance or an action of foreclosure on the contract for a breach thereof by the vendee." Again, it is held by this court that specific performance will not be enforced for a partial interest, where the contract is for the entire interest. *Hoctor-Johnston Co. v. Billings*, 65 Neb. 214; *Boehmer v. Wellensiek*, 107 Neb. 478.

The right to enforce a contract must be mutual. If one party to a contract cannot enforce substantial performance, a court of equity will not decree specific performance at the instance of the other party. The right to specific performance must be mutual and reciprocal.

Applying these rules of equity to the facts disclosed by the record, it clearly appears that plaintiff was not entitled to specific performance of the contract, and that defendant was justified in declaring the contract rescinded.

This brings us to the question of the amount defendant

Moore v. Markel.

should recover. He demands reimbursement for all payments of principal, interest, and taxes, less the amount that should be deducted for the removal of the buildings and the value of his possession of the lots from the execution of the contract until it was rescinded. The record is barren of any evidence as to the value of his possession. Only a nominal amount can be allowed therefor. The value of the buildings removed is stipulated to be $1,000. We are of the opinion that it would not be equitable for defendant to recover for the general taxes paid during the time he occupied the lots. Plaintiff and his testator were liable for and presumably paid taxes on the money and contract obligations of defendant, which represented the full purchase price of the lots. It would seem unjust that they should pay taxes on the lots and also on the full contract price while defendant occupied the lots and was certainly relieved from the taxes on the money that he had used to make the payments. As to the paving tax, that was a lien for benefit accruing on the lots, and defendant should be reimbursed therefor.

The payments made by defendant on principal aggregated $13,000; interest payments $4,230; paving tax $57.93; total $17,287.93; less the value of removed buildings, $1,000, leaves the net amount defendant should recover at $16,287.93, together with interest thereon at 7 per cent. per annum from March 16, 1922.

The judgment of the district court is reversed, and judgment will be entered in accordance with this opinion.

REVERSED.

Note—See Conversion, 13 C. J. sec. 9 (1926 Ann.) ; Contracts, 13 C. J. secs. 604, 607, 784; Dower, 19 C. J. secs. 201 (1926 Ann.), 164; Specific Performance, 36 Cyc. pp. 739, 622; Vendor and Purchaser, 39 Cyc. p. 1412.