AFFIRMED.

ED ZVACEK, APPELLEE, V. FRANK W. POSVAR, APPELLANT.

FILED MARCH 8, 1929. No. 26290.

*Cecil R. Boughn* and *Bartos, Bartos & Placek,* for appellant.

*Robert G. Fuhrman, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY and DAY, JJ., and BEGLEY and RAPER, District Judges.

RAPER, District Judge.

Action by plaintiff against defendant for specific performance of a written contract between the parties for exchange of lands. Plaintiff was awarded decree as prayed and defendant appeals.

Plaintiff owned 120 acres of land in Thurston county, Nebraska, and defendant owned the west half of the northwest quarter of section 26, township 25, range 7 east, in Thurston county. In the agreement it is stipulated that plaintiff convey to defendant the 120 acres, subject to mortgages of $15,000, and defendant convey the 80 acres, subject to a mortgage of $5,000. Both parties were married, but the agreement was not signed by the wife of either. At the proper time plaintiff tendered a warranty deed, signed by himself and wife, to defendant, for the 120 acres, as agreed in the contract, and demanded a deed from defendant for the 80 acres, but defendant refused to convey his 80 acres because his wife refused to sign the deed. The plaintiff informed defendant that he would accept a deed signed by defendant alone and waived the wife's signing and acknowledgment.

In plaintiff's petition he expressly waives the signature and acknowledgment of defendant's wife, and agrees and consents to accept a deed of defendant alone. Defendant, in his answer, sets up the refusal of his wife to join in the conveyance, and alleges that the 80 acres was his homestead.

Two matters only are here involved the claim of homestead, and the right of the court to decree performance where the wife refuses to join in the conveyance, with the consent of the plaintiff to accept performance without the wife joining.

As to the homestead claim, it is undisputed that defendant and wife lived with his parents on a farm some distance from his 80 acres, but defendant farmed his 80. He had owned it eight years, had no improvements upon it except it was inclosed with a fence. The house, which at one time had stood on the land, had been removed and its former location had been farmed over. A well which had once been near the site of the house had been filled up or covered.

Defendant testified that it was and had been his intention ever since he acquired the land to occupy it as his

home at some future time, when he could earn money to build a house thereon, but he had never taken any step or done any act whatsoever to evince or disclose that intention. Bare intention, unaccompanied by any acts of preparation or occupancy indicating such intention, is not sufficient. This principle was ably discussed in the case of *Davis v. Kelly*, 62 Neb. 642, in an opinion by Commissioner Pound, is applicable to facts herein, and needs no elucidation or further comment. The district court rightfully held that defendant had no homestead right in the land.

Appellant urges that the interest of a wife, where parties live in this state, is such that a husband cannot alienate his own estate in lands not a homestead, to which he holds title, nor can a court divest the husband of his interest by decree of specific performance, although the signature or joining of the wife to the conveyance is expressly waived by the other party.

Section 1220, Comp. St. 1922, provides: "When any person shall die, leaving a husband or wife surviving, all the real estate of which the deceased was seised of an estate of inheritance at any time during the marriage, or in which the deceased was possessed of an interest either legal or equitable at the time of his or her death, which has not been lawfully conveyed by the husband and wife while residents of this state * * * and which has not been lawfully devised, shall descend subject to his or her debts, and the rights of homestead, in the manner following." Then follows, in five items or paragraphs, the particular estate the surviving consort shall have, depending upon the number of children, if any, and other kindred of the deceased.

Section 1221 provides: "When any person leaving no husband or wife surviving shall die, seised of any real estate, or any right thereto, or entitled to any interest therein in fee simple, or for the life of another, not having lawfully devised the same, it shall descend subject to his debts," in the manner set forth by law, which need not here be re-

peated, but names heirs and the order in which they inherit.

Section 1224 provides in what manner a married man or woman may be barred from inheriting a part or all of the real estate of which his or her spouse was seised of an estate of inheritance at any time during the marriage.

The wife's interest or title does not depend for its inception upon the death of the husband as an inheritance would, but comes into existence by operation of law upon a concurrence of seising and the marriage relation. Our statutes on descent of real property abolish dower and curtesy. In the opinion in *McCullough v. St. Edward Electric Co.*, 101 Neb. 802, the rights of a wife in her husband's real estate are stated aptly as follows: "This right of the wife is a peculiar one under the statute. She takes by descent, but is not technically an heir in the sense that a conveyance by her husband would defeat her right. She takes the property of her husband whenever the conditions are such that an heir would take, and the husband cannot defeat her claim by his voluntary conveyance. The right is substituted for the right of dower and is in many respects analogous to that right." The wife in this case has not been barred from her statutory rights, and if she survive her husband she will take the share which the statute awards her, and the decree of the trial court expressly reserves to her that right if she survives.

It will be apparent from the reading of sections 1220 and 1221 that no such contingent right as provided for the wife is granted to the heirs. By section 1221 and the fifth paragraph of section 1220 the heirs can only inherit or take by devise the lands of which the deceased died seised. The owner of real property, not a homestead, may lease or convey or devise his property and bar his heirs. If he has conveyed the property during his life, his heirs take no part of it, although the wife, unless she has barred herself, will take her statutory share.

The right of a vendee to have specific performance in like cases has been several times recognized in the state.

In *Davis v. Merson*, 103 Neb. 397, the contract, which was not signed by the vendor's wife, included a homestead of 160 acres out of a tract of 640 acres. The court decreed specific performance of the remainder of the tract, excluding homestead, with consent of the vendee, and in that case the opinion recites that, since the wife did not sign the contract, her marital rights, if any, were not affected thereby. Other Nebraska authorities are cited in that opinion.

There is no provision of the law that prohibits the owner from conveying his real estate, not a homestead, without the wife joining in the deed, and such deed will convey all the interest in the estate except the marital rights of the wife, if she survive him.

The defendant had no valid excuse for not complying with his agreement and, under the facts disclosed by the pleadings and evidence, the district court rightly decreed specific performance, expressly reserving the statutory rights of the wife, so that all persons who may hereafter take title to the property will know the exact status and right of the wife, if she survive him.

The decree of the district court is

AFFIRMED.

Note—See Specific Performance, 36 Cyc. 746 n. 90, 794 n. 73; 24 L. R. A. 763; 25 R. C. L. 317-319.