PEARLE B. WILSON, APPELLANT, V. CARL E. NELSON, AD-
MINISTRATOR, ET AL., APPELLEES.

FILED NOVEMBER 22, 1935.   No. 29372.

*Baker, Lower & Sheehan* and *Charles F. Stroman,* for
appellant.

*Kirkpatrick, Good & Dougherty* and *O. S. Gilmore,*
contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

GOSS, C. J.

Plaintiff appeals from a decree dismissing her petition
in equity, after issues were made up and a trial was had
upon the merits.   The cause is here for trial *de novo.*

This action was begun in the district court by the filing
of a petition on March 27, 1933, after Nels Nelson had
died on February 18, 1932.   It makes the administrator

(1)

of the estate of Nels Nelson, deceased, and Nelson's children parties defendant, and claims to seek specific performance of a written and pleaded contract, alleged to have been made by Nels Nelson with plaintiff on May 3, 1929, in contemplation of their marriage, to be consummated on October 16, 1929, "or sooner if he has completed the terms of this contract." Plaintiff alleges that Nels Nelson breached the contract before the stated wedding day by refusing to marry her, and alleges conveyances by him to his children of certain real estate owned by him and coming under the terms of the contract. She accordingly prays that defendants be required to convey such real estate to plaintiff, or, if they cannot do so as to any of it, then, in lieu thereof, plaintiff be given a decree for the value of such real estate not so conveyed. The prayer further asks for a cancelation of mortgages upon plaintiff's property, described in the contract as to be paid by Nelson, or, in lieu thereof, that plaintiff be given a money judgment for their amount with interest and taxes; and finally the petitioner prays that all the personal property left by deceased be assigned to plaintiff, or, in lieu thereof, that she be given judgment for its value.

The contract was written in pencil, by plaintiff, in a small memorandum notebook. It appears to be attested by two witnesses, but was not acknowledged before any officer.

In the marriage contract between the parties, they agreed on October 16, 1929, as their wedding day, or sooner if he had completed the terms of the contract; Nelson agreed to pay off, on or before October 16, 1929, two mortgages on two city lots owned by plaintiff together with interest and taxes; to give to her his described home "together with entire household contents," and convey the home to her by warranty deed; to give her the choice of a described business property or the sum of $10,000 in cash, whichever she chose, on or before October 16, 1929; to give her one-fourth of a described 160-acre farm; to retain jointly for Nelson and plaintiff a 40-acre tract, the same

to be hers unconditionally if he precede her in death; all the balance of his real and personal property to be held jointly by the parties and to be hers unconditionally after his death. Pearle B. Wilson agreed to take the best of care of Nels Nelson personally and to look after his business interests to the best of her ability, to accompany him on any trips desired, and to be a faithful and devoted wife throughout his entire life; if he preceded her in death, to see that he was given a burial befitting one of his personal and financial standing.

Defendants' answers admitted the status of the administrator and children, pleaded that plaintiff's cause of action did not survive Nels Nelson but abated at his death, pleaded that the contract is void for want of consideration, pleaded that plaintiff duly filed her claim in the county court for damages for breach of the identical contract, upon which issues were joined, and that the county court entered judgment against claimant, disallowing the claim and dismissing it; that such judgment is unreversed and unmodified and is *res adjudicata;* pleaded that, by such action, plaintiff elected her remedy at law and is barred from pursuing any other or further remedy at law or in equity in any other tribunal. Defendants also generally denied all allegations of the petition not otherwise admitted.

The reply denies all allegations not admitted; pleads that plaintiff duly appealed from the judgment of the county court but, while the appeal was still pending in the district court, dismissed said claim or *"action* (italics ours) * * * without prejudice to a new action;" plaintiff alleges that the county court had no jurisdiction of the action, and alleges that its findings and judgment are of no effect.

Among other points, defendants argue that the remedy of specific performance of the contract is not available to plaintiff because there was no mutuality of remedy. A perusal of the contract shows that Nels Nelson agreed to marry plaintiff and to give her his property. In consideration therefor plaintiff agreed to marry him. If, therefore, plaintiff were in default and were to be sued for specific

performance by Nels Nelson, the action for specific performance would not lie, but the action, if any, would be for damages for breach of her promise to marry him. So, if Nels Nelson breached a promise to marry plaintiff and to give her the property he contracted to give her, plaintiff's sole remedy is for damages for breach of contract and not for specific performance.

If cases could be found, which we doubt, it would be unnecessary to cite them to support the principle that a suit for specific performance will not lie to compel one to marry another. It is abhorrent to public policy to force a man or woman, under penalty of contempt of court, to enter into a marriage that is objectionable. Nels Nelson could never have brought suit in his lifetime for specific performance of the marriage contract, if plaintiff had declined to fulfil her promise of marriage. This demonstrates the convincing lack of mutuality of remedy in the contract.

In *Moore v. Markel,* 112 Neb. 743, 201 N. W. 147, we held: "If one party to a contract cannot enforce substantial performance, a court of equity will not decree specific performance at the instance of the other party. The right to specific performance must be mutual and reciprocal."

To the same effect is *Rudolph v. Andrew Murphy & Son,* 121 Neb. 612, 237 N. W. 659. See, also, *Hoctor-Johnston Co. v. Billings,* 65 Neb. 214, 91 N. W. 183; 58 C. J. 866; 65 A. L. R. 45, annotation.

We are of the opinion that, on account of the lack of mutuality of the contract, the remedy of specific performance is not available to plaintiff. Our decision is based solely on this ground. Other questions are argued, but our conclusion makes it unnecessary to discuss them. The judgment of the district court is

AFFIRMED.