## YOST v. O'MALLEY.
### Civ. No. 30-49.

United States District Court
D. Nebraska, Omaha Division.

Feb. 13, 1950.

Joseph J. Cariotto, Lincoln, Neb., for plaintiff.

Joseph T. Votava, United States Attorney, Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

■ The question for determination in this case is whether or not the sum of $2,951.11, paid by the Taxpayer to his wife for the relinquishment of her marital rights in rental property sold by the Taxpayer, should be treated as a deductible expense in computing his gain on the sale. Some years prior to the date of the sale, the Taxpayer and his wife were separated by a decree of separate maintenance under the laws of Nebraska, and by that decree, the wife was allowed certain alimony which was paid up to date. At the time of the transaction in question, the Taxpayer and his wife were living apart and were dealing at arm's length. The Taxpayer's wife was adequately informed of her rights by the capable counsel who represented her. When the Taxpayer was about to convey title, the purchaser required the signature of the Taxpayer's wife, who refused to join in the conveyance, unless she received one-half of the net proceeds of the sale. In the state of Nebraska, the deed of the husband, alone, will not bar the contingent interest of the wife in real estate of which he is seized during coverture, unless she is a nonresident of the state. Moore v. Markel, 112 Neb. 743, 201 N.W. 147. Consequently, so that he might convey a complete and good title to the property in question, the Taxpayer met the demands of his wife, paying her $2,951.11, to join in the conveyance.

In substantially the same situation as we have set out above, the Third Circuit Court of Appeals in 1931, held that such sum is a deductible expense. Frank v. Commissioner, 51 F.2d 923. It is true that the Frank case arose in Pennsylvania and the interest of the wife in the Taxpayer's property was determined by the laws of Pennsylvania. But due to the similarity between the Laws of Pennsylvania and the Laws of Nebraska, dealing with descent and distribution, the Frank case is persuasive authority upon which the decision in this case can securely rest. See The Wills Act of 1917, P.L. 403 of Pennsylvania, 20 P.S. § 261, and the Intestate Act of 1917, P.L. 429, 20 P.S. § 1; 51 F.2d 924, supra. Compare N.R.S. 30-101 and

30-107. It is also true in Frank v. Commissioner, supra, a divorce suit was pending, while in the present case, there was a valid decree of separate maintenance, but not an absolute divorce. However, this thin distinction seems to detract little from the applicability of the Frank case to the case at hand.

Counsel for the Collector of Internal Revenue points out that there have been several decisions since the Frank case that buttress the proposition which he submits for the court to accept. In Digan v. Commissioner, 1937, 35 B.T.A. 256, a husband sold real estate at a profit. His wife refused to join in the sale unless the husband agreed to give her half of the cash proceeds and half of a purchase money mortgage, and so it was arranged that the purchaser should pay half the cash to the wife and execute a mortgage payable half to each. The Board of Tax Appeals held that the cash paid to the wife must be treated as belonging to the husband. But it does not appear from the facts of that case that the community relationship of the husband and wife had been in any way interrupted by divorce proceedings, or that they were dealing at arm's length. In the Digan case the Board cites the case of United States v. Robbins, 269 U.S. 315, 46 S.Ct. 148, 70 L.Ed. 285, for the proposition "that the money paid to the wife is to be regarded as part of the sale price which inured to him for the property which he alone owned."

However, the Robbins case involved community property and a general review of the decisions of the California courts, which were controlling in that case, discloses that under the so-called community system applicable to the community property there involved, the wife during the existence of the community had no estate, title, or ownership in the community income, and the husband had absolute ownership and power of disposition of the income, restricted only by a prohibition against gifts. See the cases set out in 269 U.S. at page 316, 46 S.Ct. 148. In the Robbins case there can be no doubt that the husband was substantially the absolute owner and that he had absolute con-

trol and that the wife had a mere expectancy. But this is not true in the case at hand. In Nebraska the rights of the wife in her husband's estate are set out in the case of Zvacek v. Posvar, 1929, 118 Neb. 163, 223 N.W. 792, 793.

"The wife's interest or title does not depend for its inception upon the death of the husband as an inheritance would, but comes into existence by operation of law upon a concurrence of seisin and the marriage relation. Our statutes on descent of real property abolish dower and curtesy. In the opinion in McCullough v. St. Edwards Electric Co., 101 Neb. 802, 165 N.W. 157, the rights of wife in her husband's real estate are stated aptly as follows: 'This right of the wife is a peculiar one under the statute. She takes by descent, but is not technically an heir in the sense that a conveyance by her husband would defeat her right. She takes the property of her husband whenever the conditions are such that an heir would take, and the husband cannot defeat her claim by his voluntary conveyance. The right is substituted for the right of dower and is in many respects analogous to that right.' "

Though the wife's interest is contingent, it is not necessarily valueless, nor can it be said that it has no present worth. The case of Hopkins v. Magruder, 4 Cir., 122 F.2d 693, 695, cited by counsel for the Collector is not broad enough to support the proposition that inchoate dower has no present value. In that case the court said:

"It would thus seem that under the common law as applied in Maryland the wife of the taxpayer had no dower right in the real estate conveyed.

"Having reached this conclusion it is not necessary to discuss the questions raised in the briefs as to whether the wife's dower interest was such an interest as could be valued or whether the taxpayer could sue for the refund under a petition that did not raise the question of dower."

Under the laws of Nebraska and the circumstances of this case, it is difficult to see why the wife's interest in her husband's real estate had no value at the time she relinquished such rights by signing the deed of conveyance. It is true that the case of Arent v. Arent, 104 Neb. 562, 178 N.W. 205, makes the wife's interest subject to the debts of her husband; but this does not render the wife's interest valueless, nor does it give the husband complete dominion and control over her interest as in the Robbins case, supra. Merely because he could defeat his wife's right in the estate by putting himself in such a position that his liabilities exceed his assets does not mean that he has absolute control over her property. It is clear that he can not voluntarily convey away her interest unless she joins in the conveyance. Moore v. Markel, 112 Neb. 743, 201 N.W. 147. N.R.S. 30-101.

 In view of the foregoing authorities and in the light of sound principles of justice, the court is of the opinion that the $2,951.11, which the Taxpayer paid to his wife so that he could convey good title was, in this case, a deductible expense in determining the gain on the sale of the property.

Judgment will be entered accordingly.