**O'MALLEY, Collector, v. YOST.**

No. 14166.

United States Court of Appeals
Eighth Circuit.

Jan. 24, 1951.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a suit brought in the district court by Yost, the appellee, a resident and citizen of Nebraska, against O'Malley, Collector of Internal Revenue for the district of Nebraska, to recover a deficiency income tax assessed against the appellee for the year 1944 and paid under protest. The case was tried to the court, judgment was entered for the taxpayer, and the Collector appeals.

The material facts are these. In his income tax return for 1944 Yost reported the sale of a rental residence property owned by him for $6,450. As one item of expense claimed to have been incurred in the sale, he deducted the sum of $2,951.11, which was disallowed by the Commissioner, and a deficiency was assessed and paid with interest in the sum of $1,077.61, the amount of the judgment from which this appeal was taken.

The explanation of the claimed deduction is that Yost was divorced from his wife in 1942 in a state court of Nebraska. See Yost v. Yost, 143 Neb. 80, 8 N.W.2d 686. The divorce was not absolute, however, but only from bed and board and for separate maintenance. Under the laws of Nebraska a valid conveyance of real property cannot be made by a husband so divorced without the joinder of his spouse, unless she is a non-resident of the state. Moore v. Markel, 112 Neb. 743, 201 N.W. 147; McCullough v. St. Edward Electric Co., 101 Neb. 802, 165 N.W. 157, 158; Zvacek v. Posvar, 118 Neb. 163, 223 N.W. 792.

The rights of a wife in her husband's real estate under Nebraska law are aptly stated by the Supreme Court of that state in the McCullough case supra, as follows: "This right of the wife is a peculiar one under the statute. She takes by descent, but is not technically an heir in the sense that a conveyance by her husband would defeat her right. She takes the

I. Henry Kutz, Special Asst. to the Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen. Ellis N. Slack, Robert N. Anderson, and George D. Webster, Special Assts. to the Atty. Gen. and Joseph T. Votava, U. S. Atty., Omaha, Neb., were with him on the brief), for appellant.

Joseph J. Cariotto, Lincoln, Neb., for appellee.

property of her husband whenever the conditions are such that an heir would take, and the husband cannot defeat her claim by his voluntary conveyance. The right is substituted for the right of dower and is in many respects analogous to that right."

The purchaser of the rental property, therefore, required a deed executed by Yost and his divorced wife; but she refused to join with him therein unless she received one-half of the net sale price, or $2,951.11, which sum he paid to her in order to enable him to complete the sale.

It was stipulated that "This was not a scheme or device on the part of taxpayer for the avoidance of Federal income tax. It was the object of the taxpayer to take advantage of the opportunity to sell the property and it was the intention of the wife to prevent that sale unless she secured an equivalent of one-half the net proceeds thereof."

The trial court concluded "that the $2,951.11, which the Taxpayer paid to his wife so that he could convey good title was * * * a deductible expense in determining the gain on the sale of the property." Yost v. O'Malley, D.C. 88 F.Supp. 626, 628.

█ In so holding we think the court erred. The nature and character of the divorced wife's marital rights in the taxpayer's property are controlled by the laws of Nebraska, but the taxability of the compensation paid for the relinquishment of those rights is governed by the federal income tax act. Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634.

█ The rule has been often stated that authority to take any deduction from income is a matter of grace and it must be found in some applicable statute. White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Deputy v. Du Pont,

308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416; Citizens Nat. Bank v. Commissioner, 8 Cir., 122 F.2d 1011, 1013, certiorari denied, 312 U.S. 822, 62 S.Ct. 913, 86 L.Ed. 1219.

The taxpayer relies upon § 23(e) (1) of the Internal Revenue Code, 26 U.S.C.A., § 23, which reads:

"§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions: * * *

"(e) *Losses by Individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; * * *."

██ The money "which the Taxpayer paid to his wife so that he could convey good title" was not an expense of sale within the meaning of the revenue laws. The payment was in no way connected with the sale of the property. Its sole function was to enable the taxpayer to convey a good title to the purchaser in satisfaction of his contract of sale. Since 1916 a Treasury Regulation has provided that " * * * The cost of defending or perfecting a title to property constitutes a part of the cost of the property and is not a deductible expense * * *." 26 CFR § 29.24–2. There can be no question of the validity of this regulation. The courts have applied it numerous times, and Congress has passed no law nullifying it. Levitt & Sons v. Nunan, 2 Cir., 142 F.2d 795, and cases cited at page 797 thereof.

█ The payment here involved was in the same category for income tax purposes as a payment of $1050 made by the taxpayer to secure the release of a judgment against him in the state court, which was a lien upon his title. Neither item was deductible as an expense of sale. Both payments were made to perfect the title to the property sold.

The judgment appealed from is, therefore, reversed.