## Saler, Appellant, v. Lessy.

*Equity—Specific performance—Agreement for sale of real estate —Refusal of wife to join in deed.*

Specific performance of an agreement to sell real estate will not be decreed against the vendor, a married man, whose wife refuses to join in the deed.

A decree of specific performance will only be entered in a clear case, and if the facts are doubtful the chancellor will withhold his decree.

In an action to compel the specific performance to sell real estate, a decree will not be granted where one of the vendors who was a married woman, denies that she ever signed the agreement of sale and thereafter refused to join in the conveyance of the property.

In such case, the amount of damages which the plaintiff has sustained is a question for the jury, and a decree which awards damages will be modified.

Argued October 7, 1920. Appeal, No. 52, Oct. T., 1920, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1919, No. 4444, on bill in equity for specific performance of agreement to convey real estate between Samuel Saler and Michael Lessy and Tillie Lessy. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Modified.

Bill in equity for specific performance to convey real estate. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree:

"And now, June 28, 1919, the defendant Michael Lessy, is ordered and directed to pay to the plaintiff, Samuel Saler the sum of five hundred dollars with interest from November 26, 1918, and also the expenses which the plaintiff incurred by reason of the agreement of sale, made November 26, 1918, and the extension thereof by said Michael Lessy, and upon payment of said sums the bill filed in this case is dismissed, the costs to be paid by said Michael Lessy.

"The prothonotary will enter a decree nisi, and notify the parties of the same in order that exceptions may be filed thereto within ten days, if desired."

*Errors assigned* were in dismissing various exceptions to findings of fact and conclusions of law and the decree of the court.

*Alfred Aarons,* and with him *Herbert B. Weinberg,* for appellant.

*Julius C. Levi,* for appellees.

OPINION BY HENDERSON, J., December 22, 1920:

This is a bill for the specific performance of a contract, in writing, alleged to have been entered into by the de-

fendants with the plaintiff, on November 26, 1918, according to the terms of which the former agreed to convey to the latter a piece of land with a three-story brick dwelling house thereon, situated in the City of Philadelphia. The contract was not acknowledged by the vendors, but was delivered to the plaintiff, and a payment of $500 was made to apply on the purchase price. The title to the real estate was in Michael Lessy. A period of four months was allowed for the completion of the contract; an extension of this time, until April 29, 1919, was agreed on by Michael Lessy and the plaintiff, which agreement was endorsed on the contract. Performance of the contract was demanded by the plaintiff and refused by Michael Lessy, on the ground that his wife would not unite with him in the execution of a deed. She denied that she was a party to it and alleged that what purported to be her signature, by her mark, was not made by her, but was made by her daughter without her direction, consent or knowledge. Her allegation in this respect was denied by the plaintiff, who offered the evidence of a witness who took the contract to the Lessy home to procure the signature of Mrs. Lessy and who testified that Mrs. Lessy, in his presence, attached her mark to the contract. There was some corroborating testimony tending to show that she looked at other houses with the prospect of moving; that she offered some household furniture for sale, and gave other evidence of her understanding that the property was to be sold. There was the direct testimony, however, in addition to her own, of her daughter, that the mark was not made by her mother but by her; that her mother was not at home at the time, and thinking there was no impropriety in so doing, she made the mark as exhibited on the contract. She denied that Morton Newmayer, the plaintiff's witness, saw her mother at the house and procured her signature. Michael Lessy also testified that he went to his home with Morton Newmayer, at the time the contract was taken by the latter, for the

signature of Mrs. Lessy; that his daughter was there, but he did not see his wife; his daughter took the contract and went upstairs with it, thinking her mother was there; in a few minutes she came back bringing the paper and handed it to him, who in turn gave it to Morton Newmayer, who then went back to the office. The witness remained in the room and did not see his wife during the time Newmayer was there.

The learned trial judge did not determine whether the contract was signed by Mrs. Lessy or not. The case was disposed of on the ground that even if it were signed by her, the extension of the period for settlement, without her consent, released her from its obligation. The decree complained of was accordingly entered, which dismissed the bill and directed the payment by Michael Lessy to the plaintiff of the amount of purchase money paid by the latter, and the expenses incident to the contract.

The appellant contends the court should have found that the agreement was signed by Mrs. Lessy and that the extension of the time for settlement was immaterial as to her. It is also suggested in the argument that a decree should have been entered against Michael Lessy, at least, who, as appears from the evidence, was willing to convey the property.

The first obstruction in the way of the plaintiff is the conflict of evidence with reference to the wife's signature to the contract. A decree for specific performance will only be entered in a clear case; if the facts are doubtful, the chancellor will withhold his hand. If we assume, therefore, that a decree for specific performance can be entered against a wife who declines to join the husband in the conveyance of his estate, where she has not entered into a contract acknowledged by her in accordance with the acts of 1770, 1 Sm. L. 307, and 1901, P. L. 67, we are confronted by a serious dispute as to whether the contract was executed at all by Mrs. Lessy, and if not signed by her, no decree could be entered

against her. It has long been the law of the Commonwealth, that specific performance of an agreement to sell real estate will not be decreed against the vendor, who is a married man whose wife refuses to join in the conveyance so as to bar her dower: Riesz's App., 73 Pa. 485; Burk's App., 75 Pa. 141; Hanna v. Phillips, 1 Grant 253. The case can be disposed of on the ground that it was not clearly made to appear Mrs. Lessy is a party to the contract. If not so bound, no theory of estoppel could be set up as an inducement to a chancellor to enter a decree compelling her to convey. The contention that a decree might go against Michael Lessy, even if the court should be of the opinion that the agreement was not signed by Mrs. Lessy, cannot avail the plaintiff, for the reason that the bill proceeds against both the defendants on a joint liability. It contains no prayer for a decree against Michael Lessy alone, and the complainant would only be entitled to such a decree when he was willing to take such title as the owner could convey in full satisfaction of the contract. The case is not one in which the chancellor would consider the apportionment of the purchase price and suspend the payment of as much of the consideration as would secure the vendee against the contingency of the survival of the husband by the wife, and the coming into existence of the dower interest. The uncertainty as to the existence of the dower and of its duration, makes its appraisement impracticable. On the application of the plaintiff, a decree might be entered in his favor against Michael Lessy if he were willing to accept the latter's title, as he can convey it in performance of the contract, but the case has not proceeded according to this principle, nor does there appear in the pleadings and evidence a state of facts which would warrant such a decree.

We think, however, there is merit in the plaintiff's complaint, that a decree was entered in his favor for money without an opportunity to be heard on the question of the amount of damages to which he may be en-

titled.  The payment made on account of the contract is a definite sum.  The expenses which may have been incurred in the effort to carry out the contract have not been shown, nor has there been an opportunity to establish a possible state of facts showing collusion between the defendants as a means of avoiding the contract.  The plaintiff should have his remedy at law for such damages as the evidence may establish.

So much of the decree as awards damages to the plaintiff is reversed, and the bill is dismissed without prejudice, at the cost of the appellant.