## Hannan, Appellant, *v.* Carroll.

*Vendor and vendee—Specific performance—Failure of wife to join—Failure to tender purchase money.*

1. Specific performance of a contract for the sale of real estate will not be ordered against a vendor whose wife has not joined in the contract, there being no collusion, unless the vendee is willing to accept the deed signed by the husband alone.

2. Where a vendee is willing to accept a deed signed by the vendor alone without his wife, and it appears that a bank which had agreed to advance the purchase price to the vendee, would do so only on condition that the wife of the vendor should join in the deed, the vendee cannot make a good tender, and is not entitled to specific performance.

Argued February 10, 1925. Appeal, No. 165, Jan. T., 1925, by plaintiff, from decree of C. P. Schuylkill Co., May T., 1922, No. 3, dismissing bill in equity, in case of Michael F. Hannan v. George J. Carroll. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance of an agreement to sell real estate. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*J. O. Ulrich,* for appellant.

*R. J. Graeff,* with him *John F. Whalen,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 16, 1925:

Plaintiff's bill asks specific performance of a contract by defendant to convey real estate. Originally a demurrer was sustained and the bill dismissed by the court below, but on a previous appeal to this court the judgment was reversed because the agreement contained no reference to the payment of liens and encumbrances, and, in absence of proof referring to such matters, plaintiff would not be presumed to have purchased subject to claims of that character and he had lost his right to fully perform his agreement by paying or tendering the purchase money less the amount of such liens. That was the only question there passed upon: Hannan v. Carroll, 277 Pa. 32. On the case being remitted to the court below, defendant answered, averring tender of a deed for the premises which plaintiff refused to accept unless defendant's wife, who was not a party to the agreement of sale, joined in the conveyance.

At the trial, the case being heard on bill, answer and replication, plaintiff testified to his readiness to make settlement in full on condition that all encumbrances against the premises were discharged, and that defendant insisted on full payment of the purchase price without deduction for such claims. He further denied having refused to accept a deed lacking the signature of defendant's wife, and averred his willingness to accept the conveyance executed by defendant alone, provided the liens and encumbrances against the property were removed; stating that he had arranged with a trust company to provide sufficient funds to make up the full balance of consideration of $20,500, and that it had agreed to honor his check to that amount, or, in event objections were made to the acceptance of the check, the trust company would furnish the cash.

The treasurer of the trust company, with which plaintiff had arranged for the loan, corroborated his testi-

mony to this extent, that the company had agreed to furnish funds necessary to complete the sale, but that it would do so only if a complete title was conveyed, and that the company would not advance the money or honor plaintiff's check without the signature of the vendor's wife to the deed for the property in controversy. This testimony was uncontradicted.

Defendant testified he agreed to pay the liens and encumbrances out of the purchase money, and give plaintiff a clear title to the property, so far as he was individually able, but that plaintiff declined to proceed with the settlement unless defendant's wife joined in the deed, which she refused to do. It thus appears plaintiff's contention is that he was ready and willing to pay the purchase price less the liens and encumbrances, without the joinder of defendant's wife, and that defendant refused to convey unless he received the full consideration of $23,000 out of which money he proposed to discharge the encumbrances, if plaintiff would accept a deed signed by himself alone. The court below found that defendant prepared a deed for the property which he executed and offered to deliver to plaintiff on payment of the full purchase price, out of which liens and encumbrances would be discharged, which conveyance plaintiff declined to accept unless joined in by defendant's wife.

Under the above circumstances, the question involved is not whether defendant was bound to accept the purchase price less the amount necessary to remove encumbrances as stated by appellant, but the substantial question, the one that must determine this proceeding, under the evidence, is whether plaintiff was ready and able to perform his part of the agreement by paying the consideration provided for in the contract of sale. It is conceded by both parties that specific performance of the contract for the sale of real estate will not be ordered against a vendor whose wife had not joined in the contract, there being no collusion, unless the vendee is willing to accept the deed signed by the husband alone

Burk's App., 75 Pa. 141; Saler v. Lessy, 76 Pa. Superior Ct. 15. Had plaintiff been prepared to pay the purchase money, and willing to accept the deed on the terms the court below found defendant offered, a decree for specific performance would have followed. The court, however, made no such finding, but on the contrary, after fully hearing the parties and their witnesses, reached the "irresistible conclusion that plaintiff did not tender defendant the consideration for the property which he seeks to have conveyed to him under a decree of specific performance," and, further, that "plaintiff's assertion that his check was good if drawn for the required amount cannot be accepted in face of the testimony" of the treasurer of the trust company that it would have been honored only in the event of a conveyance of the property executed by both defendant and his wife.

In view of these findings, both of which are fully sustained by the evidence, it appears plaintiff failed to perform his part of the contract and accordingly is not entitled to have a decree in his favor. The bill was therefore properly dismissed.

The decree of the court below is affirmed at appellant's costs.