## Fleming, Appellant, *v.* Strayer.

Submitted November 16, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Norman Petow,* for appellant.

*Donald B. Waltman,* for appellee.

OPINION BY DITHRICH, J., January 14, 1949:

Appellant filed his bill in equity seeking specific performance of an alleged written agreement for the sale of real estate based on two writings designated Exhibits "A" and "B". Appellee filed preliminary objections to the bill for the reason that the aforesaid writings, though purporting to be signed by him, did not designate anyone, either by name or description, as vendee. When the matter came on for hearing on the preliminary objections, appellant was permitted to amend his bill. This he did by adding three writings designated Exhibits "C", "D" and "E". Appellee then filed preliminary objections to the amended bill, pleading that as to the Statute of Frauds "(1) no plaintiff was named; (2) no terms of sale were given; (3) the land was not sufficiently described; (4) and the considerations mentioned in the various writings were inconsistent; either in one, all, or less than all of the writings." The objections were sustained and the bill dismissed.

Appellant here for the first time questions the propriety of the action of the court below in dismissing his bill on preliminary objections under Equity Rule 48. Since the question was not raised in the court below, it cannot be considered here. *Boyd v. E. F. Houghton & Co.,* 269 Pa. 273, 112 A. 530; *Saxman v. McCormick,* 278 Pa. 268, 122 A. 296; *Sautter v. Rowland,* 285 Pa. 212, 131 A. 733; *Hanley v. Waxman,* 80 Pa. Superior Ct. 274; *Rotunno v. Joseph,* 161 Pa. Superior Ct. 57, 53 A. 2d 825.

Therefore, the only question involved is whether the separate writings, Exhibits "A" to "E" inclusive, may

be correlated by parol evidence in order to satisfy the Statute of Frauds, or whether such writings would have to be so interrelated as to comprise a memorandum sufficient under the statute without the production of extrinsic evidence. President Judge SHERWOOD of the court below, in an able and comprehensive opinion, properly upheld the latter view. He said in respect of the several exhibits: "The defendant contends that these exhibits do not individually or in conjunction with others show, without uncertainty, that Lester Fleming is the recipient of the receipts, or the vendee of the contract, or a party to this cause of action. 'Exhibit C', which is a receipt running to the benefit of a third person, refers to 'Lester Fleming Lot along Gettysburg Highway toward Hbg.' There is nothing which necessarily connects this exhibit with 'Exhibit A' or 'Exhibit B'. 'Exhibit A', referring only to 'Ground at Walnut Shade', is entirely insufficient to satisfy the statute of frauds in reference to a description of the land, which is the object of the alleged contract, and 'Exhibit B' is the only exhibit which contains any description which might be argued comes close to satisfying the statute. [Exhibit "B" referred to an acre of land at "road corner beginning at corner of road and extending 200 ft. in front along the Gettysburg-Harrisburg Road and back far enough to make one acre, along the Sydnesburg Road."] 'Exhibit D' refers, in connection with Lester Fleming, to 'land' without specifying what land. 'Exhibit E' is merely one of the checks referred to in 'Exhibit D' and is not in any way necessarily tied up with the description of land in 'Exhibit B'. . . .

"A surveyor could not locate the acre mentioned in 'Exhibit B' with any degree of certainty. The question a surveyor would have to decide, and the answer to which is not given in any way by the exhibits, is, On what side of the Siddonsburg Road would he survey a corner to make an acre? This is not a case where land is described by a well known name, such as 'Duquesne

Hotel property' [*Henry v. Black,* 210 Pa. 245, 59 A. 1070], nor is it a case where the exhibits read, 'the land now occupied by you,' which in either case would be rather easy for a surveyor to locate. . . .

". . . 'Exhibit B', similar to the above case [*Weisenberger v. Huebner,* 264 Pa. 316, 107 A. 763, where the property was stated to be at '3 & Spruce'], does not specify whether the corner is to be on the east side or the west side of the intersection of the Siddonsburg Road with the Harrisburg Road; and 'Exhibits C, D and E', referring to 'Exhibit B' only by inference, could just as well by inference refer to some other land for which Lester Fleming might have been negotiating."

The general requisites of a memorandum are listed in Restatement, Contracts, §207, and the rule governing the sufficiency of separate writings to constitute a memorandum is set forth in §208:

"The memorandum may consist of several writings,
(a) if each writing is signed by the party to be charged and the writings indicate that they relate to the same transaction, or
(b) though one writing only is signed if
(i) the signed writing is physically annexed to the other writing by the party to be charged, or
(ii) the signed writing refers to the unsigned writing, or
(iii) it appears from examination of all the writings that the signed writing was signed with reference to the unsigned writings."

In the Pennsylvania Annotations to the text are cited *Wright v. Nulton,* 219 Pa. 253, 68 A. 707; *Sorber v. Masters,* 264 Pa. 582, 107 A. 892; *Shaw v. Cornman,* 271 Pa. 260, 114 A. 632. These cases are cited in the opinion of the court below. It stated that: "Our conclusion, based on the above decisions, is that the averments of the bill are not sufficient to base a decree for specific performance and that plaintiff's bill should be

dismissed." With the foregoing conclusion we are all in entire accord.

We are not unmindful of a practice, all too prevalent in many communities throughout the Commonwealth, of arranging the preliminaries to a real estate conveyance in much the same informal manner followed by the parties here, and we have no doubt that the existence of such a practice was taken into consideration by Judge SHERWOOD. However, such insufficient methods cannot be upheld without doing violence to the statute and ultimately defeating the purpose for which it was enacted.

Decree affirmed.