Williams et al., Appellants, *v.* Stewart.

602

Argued December 15, 1960.   Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*John J. McCrea*, with him *McCrea & McCrea*, for appellants.

*George S. Black*, with him *Landis & McIntosh*, and *Black & Davison*, for appellee.

OPINION BY MONTGOMERY, J., March 22, 1961:

This is an action in equity to compel specific performance of an oral contract to convey real estate in which plaintiffs have appealed from the order of the court below sustaining defendant's preliminary objection in the nature of a demurrer to the amended complaint.

The complaint alleged that Virgil H. Williams met with the defendant, George H. Stewart, on March 24, 1959, at which time an oral contract was entered into for the sale of two parcels of real estate containing 73 acres, more or less, for the sum of $3,500.00.   This land was situate in the Township of Upper Mifflin, Cumberland County.   The terms of the alleged agree-

ment were not reduced to writing but were distinctly agreed to orally as set forth in the complaint. At the same time, Virgil H. Williams delivered to defendant a check in the amount of $350.00 as down payment and defendant delivered to him two deeds, containing the description for the land, for the purpose of having a new deed prepared. The complaint further alleged that the day after the alleged oral agreement, plaintiffs entered upon the land and made extensive research of said land, including marking of trees to be cut, and interviewed several persons for the purpose of employment in cutting the timber on said tracts. Also, plaintiffs engaged counsel to make title search to the land.

On March 26, 1959, defendant mailed a letter to Virgil H. Williams and received by him in which defendant advised plaintiffs that he would not go through with the sale and also returned the check which had previously been delivered to him.

To these allegations defendant filed preliminary objections, in the nature of a demurrer, stating that the amended complaint did not state a cause of action and contending that the specific performance sought could not be decreed because the alleged contract did not meet the requirements of the Statute of Frauds, 33 P.S. §1. The court below sustained the objection and ordered that the complaint be dismissed unless an amended complaint be filed so as to state a cause of action. No amended complaint having been filed within the time stipulated, a judgment of dismissal was thereupon entered and this appeal followed.

Plaintiffs contend here, as they did in the court below, that the complaint with the attached exhibits, stated a cause of action and that defendant, by demurring to the complaint, made certain admissions in his pleading which satisfy the purpose of the Statute of Frauds. It is contended that by demurring to the

complaint, defendant admitted the delivery of the two deeds to the land in question from which the description can be ascertained accurately, and that defendant admitted delivery of the check in payment of the hand money on the contract and that the same was accepted and later returned by him when he attempted to rescind the contract.

It is true that where a title holder admits his entry into the contract, the purpose of the Statute of Frauds is served and the oral contract will be enforced. *Suchan v. Swope*, 357 Pa. 16, 53 A. 2d 116; *Zlotziver v. Zlotziver*, 355 Pa. 299, 49 A. 2d 779. However, the admissions referred to in these cases are such as are made either in an answer or in the testimony of the title holder. Were such a rule applicable to admissions made under demurrer, upon such demurrer being overruled, the defendant could not thereafter file an answer denying the facts stated in the pleading to which he had demurred. As stated in *Dippel v. Brunozzi*, 365 Pa. 264, 269, 74 A. 2d 112, 115, "All that a demurrer does is to admit the facts for the *sole purpose* of testing the legal sufficiency of the challenged pleading; what it says in effect is that even if the facts set forth be true they do not constitute a legal claim, or defense to the claim, as the case may be . . . ." If, as contended for by plaintiffs, a demurrer would, by admission, supplant the requirements of the Statute of Frauds, such a defense could never be raised by preliminary objections because the defendant would be admitting the existence of the oral contract. The practice of raising this defense by preliminary objections is well established. See *Mrahunec v. Fausti*, 385 Pa. 64, 121 A. 2d 878; *Haskell v. Heathcote*, 363 Pa. 184, 69 A. 2d 71. We have held specifically that the party entering such demurrer does not thereby waive his right to require that such oral contract be accompanied by such facts as take it out of the operation of the Statute of Frauds.

*Richardson v. Savage,* 129 Pa. Superior Ct. 235, 195 A. 629.

In this alleged transaction, while there were three items which were in written form, only one was signed by the defendant, the party to be charged. Plaintiffs attached to their complaint the description contained in the two deeds, a check and the letter signed by defendant. The check delivered to defendant does not set forth any of the terms and conditions of the oral agreement. On it plaintiffs have made the following notation: "Hand money on 73 Acres Tract of mountain land." This notation cannot bind the title holder. Had the check been cashed, it could have operated, conceivably, as a receipt from the vendor to the purchaser, but, having been returned uncashed, it could not operate as an acknowledgment of the oral transaction. Moreover, this notation lacks the definiteness of description to take the alleged transaction out of the proscription of the Statute of Frauds. The Supreme Court, in *Prager v. McAdam,* 399 Pa. 405, 161 A. 2d 39, held that a receipt stating merely that the vendor received from the purchaser a $20.00 deposit on 61 acres, more or less, of an $8,000.00 total price on a farm was insufficient as a writing to remove the alleged oral agreement from the operation of the Statute of Frauds. The uncashed check here involved, by itself, stands in no better position.

The only writing or memorandum which could possibly refer with binding effect to the alleged oral agreement was the letter sent to plaintiffs on March 26, 1959. This letter, quoted in full, is as follows: "Mr. Williams Dear Sir. After talking to you on Tues. I came home and talked the matter over with my Wife & Son. And they convinced me that I was doing the wrong thing. especially at this time due to social security and other reasons. Heretofore, I had not discussed the matter with them. And as I would have to

ask my Wive to sign. I wish not to go through with this at this time. Please leave Deeds with McCrae I will pick them up in Shippensburg. Geo. H. Stewart."

This letter refers to a conversation and not to any acknowledgment of an oral agreement. There is no consideration set forth in this writing and no reference to any previous acceptance of an oral understanding. The letter refers to a conversation which apparently was further to be discussed by defendant with his wife and son, after which he decided not to "go through with this at this time." While there is a reference to deeds, there is nothing to indicate that the deeds refer to the 73 acre tract allegedly agreed to be sold. Even if it be assumed that the deeds referred to the 73 acre tract, such reference, by itself, does not supplant the necessity of a writing to set forth the essential provisions of the oral agreement.

Plaintiffs alleged that the terms of the oral agreement provided for a total consideration of $3,500.00; that the Federal transfer taxes were to be paid by defendant and that State and Township transfer taxes were to be divided equally; that taxes for the year 1958 and all prior years were to be paid by defendant and that taxes for 1959 and thereafter were to be paid by plaintiffs; that ten percent of the purchase price was to be paid down and that the balance was to be paid by April 10, 1959; that the deed for the tract involved was to be delivered on April 10, 1959, at which time possession was to be given. Neither the check nor the letter makes any reference to these terms and conditions. It is obvious that such terms must be proved by parol evidence. If such terms and conditions were permitted to be proved by parol evidence, the requirement of the Statute of Frauds for a writing setting forth the agreement of the parties would become meaningless.

A writing is insufficient as a memorandum unless all of the essential terms and conditions of the contract are stated. *Swift & Company v. Meehan,* 283 Pa. 429, 129 A. 324. Whether the memorandum relied upon is a single document or consists of several related or connected writings, the complete terms of a valid agreement must be ascertainable therefrom with certainty and must also disclose an intention to be bound. *Brister & Koester Lumber Corporation v. American Lumber Corporation,* 356 Pa. 33, 50 A. 2d 672; *Fleming v. Strayer,* 163 Pa. Superior Ct. 607, 63 A. 2d 122. A mere indication of the existence of an incomplete agreement is not sufficient. *Franklin Sugar Refining Company v. John,* 279 Pa. 104, 123 A. 685. A memorandum which omits or incompletely states the essential terms or which merely refers to a contract without stating its terms is insufficient. *Stein v. Camden Fibre Mills, Inc.,* 148 Pa. Superior Ct. 348, 25 A. 2d 741. Plaintiffs contend that, although various items of the terms and conditions are silent in the written memorandum, these may be proved by usage and custom. While this may be true in contracts involving matters of commerce and usages of trade, usage and custom cannot change a positive rule of law. Restatement, Contracts §249. The Statute of Frauds is not a rule of evidence but a declaration of public policy. *Schuster v. Pennsylvania Turnpike Commission,* 395 Pa. 441, 149 A. 2d 447. It may be said to be a limitation of judicial authority. *Gogel v. Blazofsky,* 187 Pa. Superior Ct. 32, 142 A. 2d 313. Such methods of proof cannot be upheld without doing violence to the Statute of Frauds and ultimately defeating the purpose for which it was enacted. *Fleming v. Strayer,* supra.

There is another fundamental roadblock to specific performance sought by plaintiffs. The complaint seeks by good and sufficient deed conveyance of the tracts involved with marketable title and free of all encum-

brances in fee simple. They do not allege their willingness to accept title without the wife's joinder and nowhere does it appear that defendant's wife was a party to the alleged transaction. In *Saler v. Lessy,* 76 Pa. Superior Ct. 15, 19, it was stated: "It has long been the law of the Commonwealth, that specific performance of an agreement to sell real estate will not be decreed against the vendor, who is a married man whose wife refuses to join in the conveyance so as to bar her dower: . . . If not so bound, no theory of estoppel could be set up as an inducement to a chancellor to enter a decree compelling her to convey." See also *Polka v. May,* 383 Pa. 80, 118 A. 2d 154.

In addition, while plaintiffs refer to entry upon the land to mark certain trees to be cut, this entry was only of a temporary nature and for a very brief period of time. There is no allegation such possession was continuous, exclusive or notorious. Such possession as here alleged is not sufficient for the Statute of Frauds.

We conclude that this is clearly not a case for relief by specific performance and the action of the court below in dismissing the complaint was proper.

Judgment is affirmed.