Warfel Estate.

Argued March 17, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert W. Semenow,* for appellant.

*William J. Lappe,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 20, 1965 :

Appellant, Elizabeth Harris, appeals to us from a Decree of the Orphans' Court en banc which dismissed her exceptions to the Decree of an auditing Judge. The latter had dismissed her claim for a broker's commission in the amount of $2,185 based upon the sale by the executor of premises 532 Linden Avenue, Pittsburgh.

Appellant is duly licensed as a real estate broker. She was employed, but not exclusively, by Union National Bank of Pittsburgh, Executor of the Will of John Avery Warfel, to obtain a purchaser for the above mentioned premises, which the executor was offering for sale for $53,000. On December 31, 1962, appellant submitted a written offer on behalf of a Dr. Maccoby, in the amount of $42,000, subject to a broker's commission to her. This offer was accompanied by a check to the order of the executor for $2,000. On January 7, 1963, the executor received an offer from a would-be purchaser named Arnold in the amount of $41,000. Arnold's offer was net and was not subject to any brokerage commission.

Mr. Doyle, the officer of the bank in charge of this property and its sale, notified appellant that the purchase price offered by Dr. Maccoby was insufficient, and that if he wished the property he would have to increase his bid. On this occasion Doyle refused to inform appellant whether any other offer had been submitted through a broker or otherwise.

On January 14th, appellant on behalf of Dr. Maccoby submitted another offer in the amount of $43,700, subject to a 5% commission to her. Thereafter, Doyle again advised appellant that if her client wanted the property he would have to make a higher bid, but no particular amount of increase was specified. Doyle

again refused to inform appellant whether or not another broker or purchaser was involved in any competing bid. After talking to Dr. Maccoby, appellant reported to Doyle that Dr. Maccoby did not wish to increase his bid or negotiate further. Two days later, on January 16th, Doyle returned Dr. Maccoby's $2,000 deposit to appellant and told her that the property had been sold to a purchaser who had offered a price higher than the last price offered by Dr. Maccoby.

In his conversations with Arnold, Doyle first advised him that his $41,000 offer was "high" but not acceptable; later, after Dr. Maccoby's second offer had been received, Doyle informed Arnold that his $41,000 bid was "low." Arnold testified that he immediately concluded that another bidder represented *by a broker* was bidding for the property and that the other person's bid, after the deduction of a commission came to more than $41,000. With this in mind, Arnold raised his bid to $42,000 and this bid was accepted by the executor.

Appellant presented at the audit of the executor's account, a claim for a broker's commission in the amount of $2,185, i.e., 5 percent of $43,700, on the theory that the executor's failure to inform her of the amount of Arnold's bid prevented a sale to Dr. Maccoby which appellant might or would have effected at a net price of *more than $42,000.* She testified that had she known of Arnold's offer of $42,000 net, she would have reduced her commission so as to bring Dr. Maccoby's offer of $43,700 to a net figure of more than $42,000. Both here and in the Court below, appellant charged the executor with bad faith and dereliction of *duty to her* and to the decedent's estate to which he owed the duty of obtaining the highest available price for the property.

The Court below properly dismissed appellant's claim. If a real estate agent does not have an exclusive

agency to sell a piece of real estate, he is not entitled to a commission "unless his efforts constituted 'the efficient procuring cause of the sale' ": *Axilbund v. Mc-Allister,* 407 Pa. 46, 56, 180 A. 2d 244; *Helmig v. Rockwell Mfg. Co.,* 380 Pa. 305, 311, 111 A. 2d 118. The "sale" for which appellant claims a commission is an offer by Dr. Maccoby to purchase the property for $43,700, subject to a broker's commission of $2,185. No sale nor any agreement to sell to appellant's client was ever made by the executor, nor was Dr. Maccoby's purchase offer the highest offer made.

The duty of a fiduciary to obtain for his or its estate "the most advantageous price" is a duty owing to the estate and the beneficiaries thereof and not to a broker. *Heilig Bros. Co., Inc. v. Kohler,* 366 Pa. 72, 76 A. 2d 613; *Herbert Estate,* 356 Pa. 107, 51 A. 2d 753. Cf. also the Act of May 24, 1945, P. L. 944.

It is not part of the duty of a fiduciary, and we believe it is not customary for a fiduciary, to tell each prospective purchaser the amount and terms of the latest bid by another party. A fiduciary can properly do what the fiduciary did in this instance, or he can require sealed bids, or sell the property at auction. We find no merit in any of appellant's contentions.

Decree affirmed at appellant's cost.