**Larson Estate**

*L. Waldo Heritt,* for administratrix.

*J. Barba Cupp,* of *Williamson & Cupp,* for vendees.

*William S. Kieser,* for Commonwealth.

GREEVY, P. J., December 2, 1971.—This case comes before us on a rule to show cause why the Estate of Walter Larson, deceased, should not sell a piece of realty in Lycoming County, known as the Walter Larson Farm, to Robert W. Haines and Lorraine M. Haines, his wife, for $18,000. The Game Commission of the Commonwealth of Pennsylvania has offered a larger price for the property.

The crucial question is whether this transaction is controlled by the Act of May 24, 1945, P. L. 944, sec. 1, 20 PS §818, which provides:

"When a fiduciary shall hereafter make a contract not requiring approval of court, or when the court shall hereafter approve a contract of a fiduciary requiring approval of court, neither inadequacy of consideration, nor the receipt of an offer to deal on other terms shall, except as otherwise agreed by the parties, relieve the fiduciary of the obligation to perform his contract or shall constitute ground for any court to set aside the contract, or to refuse to enforce

it by specific performance or otherwise: Provided, That this act shall not affect or change the inherent right of a court to set aside a contract for fraud, accident or mistake.";

or by the Act of April 18, 1949, P. L. 512, art. V, sec. 545, 20 PS §320.545, which provides:

"The court, on its own motion or upon application of any party in interest, in its discretion, may restrain a personal representative from making any sale under an authority not given by will or from carrying out any contract of sale made by him under an authority not so given. The order may be conditioned upon the applicant giving bond for the protection of parties in interest who may be prejudiced thereby. The order shall be void as against a bona fide grantee of, or holder of a lien on, real estate unless the decree restraining the sale, or a duplicate original or certified copy thereof, is recorded in the deed book in the office of the recorder of deeds in the county in which such real estate lies, before the recording or entering of the instrument or lien under which such grantee or lien-holder claims."

In deciding this question, it is first necessary to see if the statutes apply generally. Then we must see if there was a valid contract. Finally, we must interpret the statutes.

As to the first matter, the power for this transaction was not given by will and does not require the approval of the court. Thus, the transaction itself falls within the ambit of the statutes.

Was there a contract? Since this is a transaction which comes within the Statute of Frauds, there must be a "note or memorandum in writing which indicates the intention of the parties and which is sufficiently precise to enable a reader to ascertain the terms of the agreement": 16 P.L.E. 476, Statute of Frauds, sec. 51,

and Fleming v. Strayer, 163 Pa. Superior Ct. 607 (1949).

During the hearings on this matter, several written items were introduced into evidence. The totality of the following items is sufficient to constitute a contract by a "note or memorandum . . . which indicates the intention of the parties": First, a negotiated check having noted thereon that it was a down payment on the "Larson Farm"; second, the contents of letters exchanged between the attorney for the estate and the attorney for the Haines'; third, a deed executed by the administratrix and delivered, via her agent, to the agent for the vendees.

The check tendered by Mr. Haines and negotiated by the representatives of the Walter Larson Estate has noted thereon "Down Payment on Larson Farm." The negotiation of that check was an acceptance of an offer to buy. The realty in question is sufficiently described, especially since both parties at all times knew what property was intended to be transferred. See, e.g.,Volkert v. Swan (No. 2), 8 Lycoming Co. 93, 101 (1961).

The letters between the attorneys for the parties establish not only the offer and acceptance elements, but also the price term. The letters described the realty in question as "the Walter E. Larson tract in Lycoming County," and mentioned that a certain Charles Leeds has placed a mobile home on the property.

The letters also include the price term, i.e., $18,000. The attorney for the estate indicated that sum in his letter of July 24, 1970, and the attorney for the Haines used the same amount in his letter of July 27, 1970, in accepting the price term and naming local counsel.

The fact that a deed stating metes and bounds was executed by the administratrix and delivered to the prospective vendees bolsters the conclusion of specificity.

Thus, we find that there was, as of July 27, 1970, an offer and acceptance, for a specific parcel of land, at a stated price, in writing.

As such, the Act of May 24, 1945, P. L. 944, sec. 1, 20 PS §818, applies, rather than the Act of April 18, 1949, P. L. 512, art. V, sec. 545, 20 PS §320.545. The two sections seemingly conflict and might leave one in the dark, but a reading of the two, along with other statutes, cases and notes, will provide a light at the end of the tunnel.

Prior to the passage of section 818, fiduciaries' contracts were governed by Orr's Estate, 283 Pa. 476 (1925), which held that the Orphans' Court could review and set aside a sale of real estate at any time where it appeared that a subsequent and larger offer was made by another party before actual conveyance. This meant that fiduciaries' contracts were never final, and led to many inequities. Via the passage of section 818, it was desired that fiduciaries would be in the same position as all others in making contracts, and that the risk then inherent in fiduciaries' contracts would be done away with.

The Act of April 18, 1949, P. L. 512, art. V, sec. 541, 20 PS §320.541, changed the law as it applied to real estate by permitting the personal representative of a decedent to convey, by public or private sale, real estate not specifically devised. The commission's comment to the act provides a useful note when it states, inter alia, "If the personal representative seems likely to abuse his discretion, a procedure is provided in section 545 . . . for restraining sale." That gives some indication of the application of section 545.

The legislature did not intend to revive the doctrine of Orr's Estate, supra, by the passage of section 545. (For a recent opinion substantiating this position,

see Curtis Estate (Salke Appeal), 437 Pa. 123, 128 (1970), footnote 4, relating to trust assets.) The pernicious effects of Orr's Estate are as clear today as they were then. As a general policy, finality in contracts is to be preferred to the limbo which existed under Orr's Estate and we should ascertain only that, at the time of the contract, the fiduciary was acting prudently and in good faith. If that be the case, the contract should not be disturbed, and if it is to be disturbed, only the protestations of the heirs or prospective heirs should be heard.

The consternation concerning the conflict between these two sections is not new. See "The Pennsylvania Fiduciaries Act of 1949," 99 U. Pa. L. R. 1164, 1181, et seq. (1950). We agree with that commentator that section 545 should be given limited effect. Although not exhaustive, the list contained in the article seems fitting, and limits section 545 to four situations: First, where the property has sentimental value and the heirs desire it to be retained; second, where a legatee desires to take realty instead of money; third, where there is a bona fide dispute between a personal representative and the heir or heirs concerning the retention or sale of realty held for investment purposes, e.g., where the value of the property as an investment is in question; finally, where there has been an improvident sale and the heir can show a wide divergence between the contract price and market price at the time the contract was entered into.

Such an interpretation of section 545 would comport with the Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 1, 46 PS §501, et seq. By following the guidelines of section 551, and canons of construction attendant to the Statutory Construction Act, we best preserve both the integrity of the two

statutes in question and the integrity of a fiduciary's duties concerning contracts for sale of realty by deciding as we do today.

By deciding otherwise, we would be reinstating a situation which created havoc when it was in vogue. We would be judicially repealing section 818 where the legislature did not see fit to do so, a general repealer to the contrary notwithstanding. We would also be ignoring, to a large extent, the comments of the commissioners. Although they are not part of the law, they are a valuable tool in understanding what was meant to be effected.

Thus, sections 818 and 320.545 can be reconciled, given the general exceptions noted herein and others which may arise from time to time.

From the testimony and exhibits, we find that the price agreed to was fair at the time of the contract; indeed, it may have been above the market price for the land. Subsequent to the contract's formation, the Commonwealth offered $19,000, but that was not such a spread in price as to be substantial. At the hearings on this matter, the Commonwealth offered $25,000. But that offer comes too late, since we must test the contract by the market conditions at the time of its making if we are to foster good faith dealings and finality of contracts. Since the Commonwealth would, in any event, be only another bidder, it has no standing in this case. The fiduciary's duty is to the estate, and not to any prospective purchaser. See, analogously, Warfel Estate, 417 Pa. 458 (1965).

We make the following

## ORDER

And now, December 2, 1971, upon hearing and argument, the petition for leave to sell is granted and

it is hereby ordered and decreed, that Hazel Larson Nestra, Administratrix of the Estate of Walter Ernest Larson, convey the realty concerned herein to Robert W. Haines et ux., for the consideration of $18,000; the administratrix to file additional bond in the amount of $36,000.