## Palmeri v. Diomedo

*Philip D. Laur* and *Gus Milides*, for plaintiff.
*John D. Giacomo*, for defendants.

WILLIAMS, JR., J., June 26, 1972.—This is an action in equity for specific performance of a contract to sell real estate. After the pleadings were closed, defendants filed the present motion for summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035 on the basis that the contract, if any, was oral and that the receipt for the down money is an insufficient memorandum of the contract under the statute of frauds to enable plaintiffs to recover.

The motion for summary judgment is proper, since the question is one of law and both parties agree that there is no material issue of fact concerning the memorandum. No supplementary affidavits have been filed pursuant to Pa. R. C. P. 1035(b) and our decision is based entirely upon the pleadings and attached exhibits.

Examining the record in the light most favorable to plaintiffs,[1] the complaint avers that on or about September 30, 1970, plaintiffs entered into an oral contract with Adam Diomedo and Emma Gasparetti, two of the defendants, to purchase land of defendants located in Lower Mt. Bethel Township, Northampton County, Pa. Plaintiffs assert that the purchase price was to be $78,000, of which $2,000 was to be paid as down money; $18,000 was to be paid in cash at settlement, which was to take place on or before December 1, 1970, and the balance of the purchase price was to be paid in the form of a purchase money mortgage in the sum of $60,000, payable in quarter-annual installments over

---

[1] Schacter v. Albert, 212 Pa. Superior Ct. 58; McFadden v. American Oil Co., 215 Pa. Superior Ct. 44.

a period of 10 years, together with interest at the rate of six percent.

The only writing evidencing the agreement of the parties is a receipt signed by Adam Diomedo and Emma Gasparetti in the following form:

"Received from Alceo Calzetti & wf & James Palmeri & wf. sum of $2000.00 deposit of property of Emma Gasparetti & Adam Diomedo & wf — said property located in Lower Mt. Bethel Twp. Total purchase price to be $78,000.00 settlement to be on or before Dec. 1, 1970

"9-30-70　　　　　　　　　　"/s/　Adam Diomedo
　　　　　　　　　　　　　　"/s/　Emma Gasparetti"

Two additional sheets of paper containing letter and numerical characters were attached to the receipt.

Thereafter, defendants returned plaintiffs' $2,000 check uncashed. On December 1, 1970, the parties met in the office of the recorder of deeds and plaintiffs tendered settlement in accordance with the provisions set forth above. The tender was refused by defendants.

In response to the present complaint defendants have properly pleaded the Statute of Frauds, Act of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1. We conclude that the defense must prevail and that judgment must be entered for defendants.

The statute of frauds requires that all contracts for the sale of estates and land must be in writing, and it is well settled that "The Statute of Frauds requires no particular form of document, but it should disclose (a) the identity and interests of the parties, (b) the terms of the sale, including the consideration or the price to be paid, and (c) a description of the realty sufficiently definite to identify it": Ladner on Conveyancing In Pennsylvania, page 92. A receipt for payment on account of the purchase price is sufficient if it contains

the essential particulars: Schermber v. Wilmart, 282 Pa. 55.

Another relevant principle is that the court will not permit a vendee to change the terms of a written agreement of sale by oral evidence or to thus insert other provisions alleged to have been omitted from the written agreement: Ladner, supra, page 91. In Shaw v. Cornman, 271 Pa. 260, the court held that "Where it is necessary to prove any essential feature of an agreement for the sale of land by oral testimony, the agreement is not in writing within the meaning of the statute of frauds."

The receipt or memorandum in the present case, examined in light of the foregoing principles, clearly fails to satisfy the statute of frauds both as to terms and description of the property. While a specific purchase price is fixed, no mention is made of the assumption by the sellers of a purchase money mortgage of almost 75 percent of the purchase price. As the court said in Williams v. Stewart, 194 Pa. Superior Ct. 601, where no written provision referred to the allocation of transfer taxes, the proration of real estate taxes and the date of settlement:

"It is obvious that such terms must be proved by parol evidence. If such terms and conditions were permitted to be proved by parol evidence, the requirement of the Statute of Frauds for a writing setting forth the agreement of the parties would become meaningless."

In our opinion, an agreement by the sellers to accept a purchase money mortgage is an essential term and the memorandum is insufficient without it. It is to be noted that at no time did the buyers offer to make settlement in cash.

In addition, it is clear that the writing in question does not adequately identify or describe the property to be sold. Thus, the receipt refers to "deposit of prop-

erty of Emma Gasparetti & Adam Diomedo & wf — said property located in Lower Mt. Bethel Twp." Attached to the receipt is an unsigned sheet of paper with various designations such as "H10NW3-15-1." Plaintiffs argue that these numbers obviously refer to property tax assessment numbers as used in Northampton County from which a description of the property could be obtained. However, there are other notations on the piece of paper such as "all property [sic]" and "this stays." The third sheet of paper merely contains numbers and calculations which do not appear to have any relevance to either the land or the other terms of sale. Taking the writings together, it is clear that the words do not locate the land itself or describe what portion is to be conveyed. It is vague, indefinite and uncertain. Parol evidence could not be admitted to overcome the failure of the writing to define the subject of the sale: Suchan v. Swope, 357 Pa. 16. A number of cases ruling upon the adequacy of the description are collected in Prager v. McAdam, 399 Pa. 405, affirming per curiam on the opinion of the lower court reported in 20 D. & C. 2d 314.

In Williams, supra, the court stated:

"Whether the memorandum relied upon is a single document or consists of several related or connected writings, the complete terms of a valid agreement must be ascertainable therefrom with certainty and must also disclose an intention to be bound": Id., at page 608.

While the equities may indicate that defendant should not be relieved from an agreement once made, the statute of frauds is a rule of public policy which cannot be avoided by the court when the issue is properly raised. ". . . it operates as a limitation upon judicial authority to afford a remedy unless renounced or

waived by the party entitled to claim its protection":
Haskell v. Heathcote et al., 363 Pa. 184, 188.

There is no claim in the present action for damages
in the event that plaintiffs are denied specific perform-
ance and, accordingly, we enter the following

## ORDER OF COURT

And now, June 26, 1972, defendants' motion for
summary judgment is granted and judgment is en-
tered for defendants.