## Dvorak v. Beloit Corporation

*Rogers A. Bender*, for plaintiff.

*Francis X. Hope, Jr.*, for defendant.

MARRONE, J., January 8, 1974.—In this equity action, plaintiff, S. T. Dvorak, seeks specific performance of an agreement to purchase real estate situate at Washington Avenue and Green Street in the Borough of Downingtown, County of Chester, Commonwealth of Pennsylvania. After trial before the chancellor, it appears that plaintiff's requested relief turns on whether there was a contract for the sale of the realty

complying with the statute of frauds. In addition, plaintiff claims certain damages from defendant even if the statute of frauds precludes specific performance. He claims to have incurred damages by reason of his reliance on the alleged contract with defendant.

When this case was heard, counsel for both parties agreed that the court hear first the testimony regarding plaintiff's right to specific performance. At the conclusion of plaintiff's proof on that issue, there was a motion for nonsuit which the court granted. Defendant later filed a motion to take off the nonsuit.

Since an adjudication is necessary on the question of damages, and although the chancellor proceeded in the fashion hereinabove described as a convenience to the parties, the chancellor having questioned whether the complaint was sufficient in its averments of alleged damages, all issues will be disposed of as if the nonsuit had not been granted, since, technically, defendant's motion and the chancellor's granting of the motion were premature.

## FINDINGS OF FACT

1. On or about April 10, 1973, after negotiations between the parties, defendant prepared an agreement for the sale of certain real estate located in Chester County, Pa.

2. The agreement was executed by J. H. Franz, a vice president of defendant corporation, and attested by K. I. Salzberg, Secretary.

3. Defendant forwarded the said agreement of sale to plaintiff for plaintiff's execution.

4. Plaintiff executed the agreement of sale on April 30, 1973, but attached a three-page rider and a two-page list of items to be included in the sale. Plaintiff then forwarded the executed agreement of sale with the attached rider to defendant.

5. On or about May 15, 1973, defendant forwarded

to plaintiff, through a broker, B. Kenin Hart Company, a new agreement of sale, also dated April 10th, which incorporated nearly all the terms of the rider which had been agreed to by the parties and a list of items which had been added to the April 10, 1973, agreement of sale by plaintiff. Defendant had not executed this agreement but in an accompanying letter by its counsel requested that plaintiff sign it by May 31, 1973.

6. On or about May 31, 1973, plaintiff signed the said new agreement and returned it to defendant.

7. Defendant, never having signed the agreement of sale, has refused to perform.

8. No written agreement of sale of the premises in question has ever been signed by both defendant and plaintiff.

9. J. H. Franz, vice president of defendant corporation, took no part in any of the negotiations which led up to the preparation of the final written instrument.

10. Defendant, after having received from plaintiff the second written instrument, refused to proceed with settlement.

11. Following receipt of the writing signed by plaintiff, by letter dated June 13, 1973, from defendant's assistant general counsel, plaintiff was advised that defendant was considering several other offers to purchase its real estate.

12. Plaintiff has expended funds during the periods of negotiations.

13. Practically all negotiations on behalf of defendant were carried on by Karl Salzberg, assistant general counsel, for defendant and secretary of defendant corporation.

## DISCUSSION

Whether or not plaintiff is entitled to relief by way of specific performance depends on proof of a writ-

ing sufficient to void the operation of the statute of frauds: Act of March 21, 1772, 1 Sm. L. 389, sec. 1, as amended, 33 PS §1. The pertinent section of that statute need not be set forth. It has been a rule long accepted in this Commonwealth with respect to the sale of land that the sale must be evidenced by a writing containing all the terms of the contract and signed by the party who was to be charged. The statute of frauds requires no particular form of document, but it should disclose (a) the identity and interests of the parties, (b) the terms of the sale, including a consideration of the price to be paid and, (c) a description of the realty sufficiently definite to identify it.

In this case, plaintiff argues that the original writing, executed by defendant and accepted, with modifications, by plaintiff, contains all the substantial terms of a contract to sell real estate. There is no need to decide whether the original writing was sufficient to remove it from the operation of the statute. That writing was substantially changed when plaintiff added a rider and a list of items which were not set forth in the original writing. At that point, there was no obvious meeting of the minds between the parties. On the contrary, plaintiff made significant changes to the originally proposed agreement. When those modifications were made and returned to the defendant, they constituted a counter-offer and not an acceptance of the original agreement. If plaintiff is to prevail, he may not do so on the grounds that the first agreement was accepted by him.

Plaintiff argues that the second agreement prepared by defendant and transmitted to the broker in reality was merely an embodiment of all the terms of the original agreement and other modifications made by plaintiff. Further, plaintiff relies on the fact that the letter of transmittal from defendant's

secretary, should the agreement itself be deemed insufficient to remove it from the operation of the statute, is a memorandum sufficient under the theory of multiple memoranda.

The written memorandum required by the terms of the statute of frauds need not be a single document. It may consist of several related or connected writings. However, the complete terms of a valid agreement must be ascertainable therefrom with certainty and must also disclose an intention to be bound: Williams v. Stewart, 194 Pa. Superior Ct. 601 (1961). It is conceded that the newly drafted agreement was sent to the real estate broker under date of May 15, 1973 and did not bear the signature of any officer of defendant corporation. Plaintiff argues, however, that the transmittal letter from Karl Salzberg, assistant general counsel, provides the required memorandum. To prevail on this argument, plaintiff must show that Mr. Saltzberg was an executive officer of the corporation authorized to bind the corporation in the sale of real estate and, further, that the letter was such a memorandum to meet the statutory requirements. It is unnecessary to discuss whether or not Mr. Salzberg, as assistant general counsel, although he was also secretary to the corporation, had the necessary authority to bind the corporation, since the writing relied upon does not indicate an intention to be bound. Far from indicating a meeting of the minds, this letter advised the real estate broker that defendant had conceded some of the points raised by plaintiff and rejected others and, further, that defendant was unwilling to concede any further and expected a straightforward consummation of the transaction. It may well be that defendant intended to contract with plaintiff after having received the final agreement executed

by plaintiff and that the reason it did not execute the final writing was because it was in receipt of another offer. Nevertheless, in the absence of a writing made necessary by the statute of frauds, plaintiff may not prevail.

Even though plaintiff may not be entitled to specific performance, he would be entitled to damages if those damages were incurred in reliance upon an oral contract for the sale of the real estate involved here. Again, we must decide this claim against plaintiff. His claim is based on the belief that he had a binding agreement as early as April 10, 1973. The evidence does not sustain this position. On the contrary, the facts disclose no meeting of the minds, either parol or written, sufficient to bring this case within the rule of Polka v. May, 383 Pa. 80 (1955). If there was no contract, there can be no damages awarded.

Defendant's counterclaim rests on the allegation that plaintiff acted in a manner such as to prohibit defendant from selling the premises to any other purchaser by indexing the instant action as a lis pendens. The evidence fails to meet the necessary burden of proof to entitle defendant to damages in that regard.

## CONCLUSIONS OF LAW

1. There was no written memorandum signed by the parties to be charged with performance.

2. None of the written items offered in evidence was sufficient to meet the requirements of the Statute of frauds, whether considered singly or as related or connected writings.

3. There was no oral agreement.

4. Plaintiff is not entitled to the equitable relief sought.

5. Plaintiff is not entitled to damages incurred in reliance on a supposed contract.

6. Defendant is not entitled to damages sought in its counterclaim.

### DECREE NISI

And now, January 8, 1974, judgment is hereby entered against plaintiff and in favor of defendant on the complaint and against defendant and in favor of plaintiff on the counterclaim. This decree shall be final unless exceptions are filed thereto within 20 days.